**MAYER BROWN LLP**
A. JOHN P. MANCINI (*pro hac vice*)
jmancini@mayerbrown.com
OLENA V. RIPNICK-O'FARRELL (*pro hac vice*)
oripnick-ofarrell@mayerbrown.com
1221 Avenue of the Americas
New York, NY, 10020-1001
Telephone:  (212) 506-2500
Facsimile:   (212) 262-1910

GRAHAM (GRAY) BUCCIGROSS (SBN 234558)
gbuccigross@mayerbrown.com
Two Palo Alto Square, Suite 300
3000 El Camino Real
Palo Alto, CA  94306-2112
Telephone:  (650) 331-2000
Facsimile:   (650) 331-2060

Attorneys for Defendants YouTube LLC
and Google LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARK MAHON,<br><br>             Plaintiff,<br><br>      v.<br><br>YOUTUBE, LLC, et al.,<br><br>             Defendants. | **CASE NO. 3:20-cv-01525-RS**<br><br>**DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT UNDER FED. R. CIV. P. 12(B)(6)**<br><br>Hearing Date: May 21, 2020<br>Time: 1:30 pm<br>Courtroom: Courtroom 3, 17th Floor<br>Judge: Hon. Richard Seeborg |

**TABLE OF CONTENTS**

Page

I. PRELIMINARY STATEMENT ................................................................................... 1
II. BACKGROUND ............................................................................................................ 2
    A. Procedural Background ..................................................................................... 2
    B. Mahon's Insufficient Allegations Against Google ............................................ 3
III. ISSUES TO BE DECIDED AS TO GOOGLE (CIV. L.R. 7-4(A)(3)) ............................ 4
IV. LEGAL STANDARD .................................................................................................... 4
V. ARGUMENT ................................................................................................................. 5
    A. Mahon Pleads No Facts to Support His Claim of Copyright Infringement and It Should Therefore Be Dismissed. ............................................................. 5
    B. Mahon Fails to State a Claim for "Infringement of the Right of the Author." .............................................................................................................. 7
        1. "Infringement of the Right of the Author" Is Not a Recognized Cause of Action Under the Copyright Act ................................................ 7
        2. Even if It Were a Recognized Cause of Action, Mahon Pleads No Facts in Support of Such Claim. ................................................................. 8
CONCLUSION ............................................................................................................................ 8

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)........................................................................................................4

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007)........................................................................................................4

*Blazheiev v. Ubisoft Toronto Inc.*,
  No. 17-cv-07160-EMC, 2018 WL 3417481 (N.D. Cal. July 13, 2018) ..........................7

*Factory Direct Wholesale, LLC v. iTouchless Housewares and Prods., Inc.*
  411 F. Supp. 3d 905 (N.D. Cal. 2019) ........................................................................ 4-5

*Feist Publ'n, Inc. v. Rural Tel. Serv. Co.*,
  499 U.S. 340 (1991)........................................................................................................5

*Fraley v. Facebook, Inc.*,
  830 F. Supp. 2d 785 (N.D. Cal. 2011) ............................................................................8

*Gorski v. The Gymboree Corp.*,
  No. 14-CV-01314-LHK, 2014 WL 3533324 (N.D. Cal. July 16, 2014) ........................5

*Perfect 10, Inc. v. Giganews, Inc.*,
  847 F.3d 657 (9th Cir. 2017) ..........................................................................................5

*Synopsys, Inc. v. ATopTech, Inc.*,
  No. C13-cv-02965 SC, 2013 WL 5770542 (N.D. Cal. Oct. 24, 2013)...........................4

*UMG Recordings, Inc. v. Shelter Capital Partners LLC*,
  718 F.3d 1006 (9th Cir. 2013) ........................................................................................5

*Worthy v. Library of Cong. Copyright Office*,
  No. C-07-05736 CRB, 2007 WL 4557796 (N.D. Cal. Dec. 21, 2007)...........................7

**Statutes, Rules and Regulations**

17 U.S.C. § 101................................................................................................................8

17 U.S.C. § 106(A)......................................................................................................7, 8

17 U.S.C. § 501(a)...........................................................................................................7

Civil Local Rule 3-12......................................................................................................2

Fed. R. Civ. P. 12(b)(6)...........................................................................................1, 4, 9

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on May 21, 2020, at 1:30 p.m., or as soon after as this matter may be heard, before the Honorable Richard Seeborg in Courtroom 3, 17th Floor, of this Court located at 450 Golden Gate Avenue, San Francisco, CA, 94102, Defendants Google LLC and its wholly owned subsidiary YouTube LLC (collectively, "Google") will and hereby do move to dismiss the First Amended Complaint ("FAC") of *pro se* Plaintiff Mark Mahon ("Plaintiff" or "Mahon").

Google brings this motion pursuant to Federal Rule of Civil Procedure 12(b)(6) because Plaintiff fails to state a claim against Google. Google's motion is based on this Notice of Motion and Memorandum of Points and Authorities; all other pleadings and papers filed in this action; and any oral argument that the Court may permit.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   PRELIMINARY STATEMENT**

Mahon brought this action against Google alleging that it infringed his copyright and moral rights in the film *Strength and Honor*, which was released in cinemas a decade ago. Even upon a casual read of the FAC, it is clear that Mahon's allegations of infringement are more properly directly at third parties unconnected with Google, and that his attempt to include Google in his disputes with unnamed third parties is contrived, at best, and is certainly not sufficient to withstand a motion to dismiss. While Google is appreciative of the fact that Plaintiff is *pro se*, it is also cognizant of the fact that he is no stranger to litigation, having litigated related issues over the same film for several years, prior to commencing this litigation. *Maron Pictures LLC v. Eigen et al.*, No. SC120432 (Los Angeles Sup. Ct. Mar. 22, 2013). Accordingly, the FAC should be dismissed, for the reasons cited below.

There are no facts of any kind to support the copyright infringement allegations (and associated claims) that are asserted in this action against Google. Indeed, at its most fundamental level, the FAC does not allege *how, when or even where* Google is alleged to have infringed Mahon's rights. In addition, Mahon's cause of action for "infringement of the right of

the author" does not exist as a valid cause of action for films under U.S. copyright law; and even if it did, he has alleged no details demonstrating that any such infringement occurred. Accordingly, the Court should dismiss the FAC in its entirety.

## II. BACKGROUND

### A. Procedural Background

Mahon filed this action against Google[1] on March 2, 2020, alleging that pursuant to the Copyright Act of 1976 (the "Copyright Act"), Google was liable for infringing his copyright and "right of the author" in relation to the film *Strength and Honor* (the "Film"). (Dkt. 1). On March 24, 2020, the parties filed a joint stipulation to extend Google's time to respond to the Complaint until April 15, 2020. (Dkt. 15). Later that day, Mahon filed the FAC, which alleges the same causes of action as the original Complaint. (Dkt 16). On April 8, 2020, Google, along with the defendants named in the following actions,[2] filed an administrative motion in the action *Mahon v. Mainsail LLC et al*, 5:20-cv-01523-YGR, asking that the following cases be deemed related pursuant to Civil Local Rule 3-12 and assigned to the Hon. Yvonne Gonzalez Rogers:[3]

- *Mahon v. Mainsail LLC, et al.*, Case No. 4:20-cv-01523-YGR[4]
- *Mahon v. YouTube LLC, et al.*, Case No. 3:20-cv-01525-RS
- *Mahon v. Entertainment One US LP et al*, Case No. 4:20-cv-01527-SBA[5]
- *Mahon v. Alphabet Inc., et al.*, Case No. 3:20-cv-01530-JD
- *Mahon v. Apple Inc., et al.*, Case No. 4:20-cv-01534-JSW[6]

*See Mahon v. Mainsail LLC, et al.*, Case No. 4:20-cv-01523-YGR (Dkt. 23).

---

[1] Mahon mistakenly filed this action against YouTube LLC and "Google LLC doing business as YouTube." YouTube is not a d/b/a, but rather, Google's wholly-owned subsidiary.
[2] Google is named in two actions: with its wholly-owned subsidiary YouTube LLC in this action, and with parent company Alphabet Inc. in in *Mahon v. Alphabet Inc., et al*., Case No. 3:20-cv-01530-JD.
[3] Judge Rogers was assigned to this action when the Hon. Beth Labson Freeman recused herself shortly after this administrative motion was filed.
[4] This action names as defendants Mainsail LLC; Shoreline Entertainment, Inc.; and Sam Eigen, an individual (referred to herein as "Mainsail").
[5] This action names as defendants Entertainment One US LP; Entertainment One Licensing US, Inc.; Entertainment One Ltd.; and E1 Entertainment UK Ltd. (referred to herein as "Entertainment One").
[6] This action names as defendants Apple Inc.; iTunes Store; and Apple Distribution International Ltd. (referred to herein as "Apple").

This administrative motion, to deem the foregoing cases related, is currently pending before Judge Rogers.

### B.     Mahon's Insufficient Allegations Against Google

The FAC totals 198 pages: 16 pages of allegations and 182 pages of exhibits. (FAC Dkt. 16).  Mahon's only allegations against Google with respect to its alleged copyright infringement total seven (7) allegations—all of which are mere conclusory statements, namely:

- In 2016 "the Motion Picture was still being exploited in Ireland, the U.K. and Europe by Defendants in violation of Plaintiff's copyright…and his moral rights." (FAC at ¶ 32).
- "Plaintiff also made a commercial purchase from YouTube himself in 2016…Defendants were still violating Plaintiff's copyright and his moral rights in 2019 as is evidenced by a commercial purchase of same."  (*Id*.)
- Defendants "have been commercially exploiting Plaintiff's copyright protected Motion Picture under the continuing violation doctrine."  (*Id*. at ¶ 33).
- "In or around December 12, 2019, Plaintiff then wrote to Defendants and informed them that they had infringed his Copyright and that he is entitled to recover his actual damages."  (*Id*. at ¶ 34).
- On January 24, 2020, "Plaintiff then wrote back to the YouTube Legal Support Team and noted that…he still needed to be compensated for YouTube violating his copyright."  (*Id*. at ¶ 38).
- "Upon information, belief and proof of use, Defendants have produced, reproduced, distributed, sold for profit and publicly performed Plaintiff's copyright protected work and reproduced derivatives of Plaintiff's protected work that stemmed from the State of California in violation of his exclusive rights."  (*Id*. at ¶ 42).
- "Upon information, belief, proof of use, Defendants have produced, reproduced, distributed, sold for profit and publicly performed Plaintiff's copyright protected work and with unauthorized derivatives that stemmed from the State of California

in violation of Plaintiff's moral rights. Defendants' acts violate Plaintiff's rights to attribution and integrity as author of the Motion Picture."  (*Id*. at ¶ 48).

Mahon's five (5) relevant supporting exhibits—documents evidencing the rental and purchase of the Film on YouTube (Exs. 31-33) and correspondence with YouTube asserting it was infringing his copyright (Exs. 37, 43)—also provide no additional details concerning Google's alleged infringement of Mahon's professed rights.

As such, Mahon's allegations are insufficient to state a plausible claim of either copyright infringement or infringement of "the right of the author."  Mahon alleges no facts in support of either, and, in any event, the Copyright Act does not provide for any "right[s] of the author" in audiovisual works such as the Film.  Accordingly, the Court should dismiss the FAC in its entirety.

**III.    ISSUES TO BE DECIDED AS TO GOOGLE (CIV. L.R. 7-4(A)(3))**

1. Whether the Court should dismiss the FAC for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

**IV.    LEGAL STANDARD**

To survive Google's Rule 12(b)(6) motion to dismiss, Mahon must plead sufficient facts "to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  In particular, "[t]he allegations made in a complaint must be both 'sufficiently detailed to give fair notice to the opposing party of the nature of the claim so that the party may effectively defend against it' and 'sufficiently plausible' such that 'it is not unfair to require the opposing party to be subjected to the expense of discovery.'"  *Synopsys, Inc. v. ATopTech, Inc.*, No. C13-cv-02965 SC, 2013 WL 5770542, at *3 (N.D. Cal. Oct. 24, 2013) (quoting *Starr v. Baca,* 652 F.3d 1202, 1216 (9th Cir. 2011)).

While the Court must accept as true all factual allegations set forth in the complaint and draw all reasonable inferences in favor of the plaintiff, legal conclusions are not entitled to an assumption of truth—***they must be supported by factual allegations***.  *See, e.g., Factory Direct*

4

*Wholesale, LLC v. iTouchless Housewares and Prods., Inc.* 411 F. Supp. 3d 905, 913-14 (N.D. Cal. 2019) (internal citations omitted). Where there is a "lack of a cognizable legal theory or the absence of sufficient facts alleged," a complaint must be dismissed. *UMG Recordings, Inc. v. Shelter Capital Partners LLC*, 718 F.3d 1006, 1014 (9th Cir. 2013) (internal citation omitted).

## V. ARGUMENT

### A. Mahon Pleads No Facts to Support His Claim of Copyright Infringement and It Should Therefore Be Dismissed.

Mahon's copyright infringement claim should be dismissed. Not only do the bulk of the allegations set forth in the FAC relate to third parties unconnected to Google—primarily Mainsail and Entertainment One—but the handful of allegations that do relate to Google are mere legal conclusions unsupported by any factual allegations. Such conclusory allegations are far too deficient, even to meet the more lenient pleading standards.

To state a claim for copyright infringement, Mahon must plead facts demonstrating (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *See Feist Publ'n, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991); *see also, e.g., Gorski v. The Gymboree Corp.*, No. 14-CV-01314-LHK, 2014 WL 3533324, at *3 (N.D. Cal. July 16, 2014). In particular, Mahon must "demonstrate that the alleged infringers violated at least one exclusive right granted to copyright holders under [the Copyright Act]." *Perfect 10, Inc. v. Giganews, Inc.*, 847 F.3d 657, 666 (9th Cir. 2017) (quotations omitted). Even assuming Mahon has sufficiently pleaded ownership in the Film,[7] his claim fails because he has pleaded no facts to demonstrate that Google has violated any rights granted under the Copyright Act.

Mahon takes great pains to allege facts concerning not only the Film itself (FAC ¶¶ 13-16), but also his extensive history with Mainsail and Entertainment One (*id.* at ¶¶ 17-31). He seemingly assigned his rights in the Film to Maron Pictures (*id.* at ¶ 17), which, in turn, assigned

---

[7] Google assumes for the purposes of this motion only that Mahon has sufficiently pleaded ownership of the Film. It reserves all rights to challenge Mahon's purported ownership of the Film, including with respect to the "correction" he made on the Film's U.S. copyright registration in 2017, when he changed the Film's author from Maron Pictures to himself (FAC at Ex. 2), and which was filed two years after a contract dispute with Maron Pictures (FAC at ¶ 28) and eight years after the registration was originally filed (FAC Ex. 2).

the global distribution rights—save for rights to North America and Ireland—to Mainsail (*id*. at ¶ 19). Following this assignment, there appears to have been an ongoing dispute between Mahon, on the one hand, and Mainsail and Entertainment One, on the other, relating to the commercial release of the Film, apparently with respect promotional materials and royalty payments. (*Id*. at ¶¶ 19-28). Indeed, Mahon previously filed an action against Mainsail in California state court, and sometime thereafter, he apparently attempted to revoke Maron Pictures' rights in the Film—though the validity and effect of this attempted revocation is unclear as alleged in the FAC. (*Id*. at ¶¶ 28-31). Also during this time, in May 2009, Mainsail appears to have granted Entertainment One the linear distribution rights to the Film, including by all means of downloading and streaming, which Entertainment One licensed to Google, among others. (*Id*. at ¶ 36 & Ex. 40).

Riveting as Mahon's narrative may be, these allegations—which make up the bulk of the FAC—***have nothing to do with Google***. And the only allegations that do concern Google consist of conclusory statements—unsupported by any facts—that Google infringed Mahon's copyright. (*Id*. at ¶¶ 32-34, 38, 42).

Mahon alleges no facts to detail how Google infringed the Film. Nor is it clear when or over what time period such alleged infringement occurred—all Mahon appears to allege is that the Film was available on YouTube in 2016 and 2019. (FAC at ¶¶ 32, 34 & Exs. 31-33).

In addition, while Mahon appears to be alleging that extraterritorial application of the Copyright Act is appropriate in this action (*id*. at ¶ 33), his allegations are unclear as to where such alleged infringement even occurred. All he pleads is a vague allegation that the Film was being exploited "in Ireland, the U.K. and Europe" (*id*. at ¶ 32 & Ex. 37), and he includes exhibits showing the Film was paid for in euros (*id*. at Ex. 31-33). These exhibits demonstrate only that the Film may have been available in one of the 19 European Union Member States that uses this currency.[8] Even the 2016 letter he includes as evidence the film was "available to rent and buy online" does not specify any geographic territory. (*Id*. at Ex. 29). Such absence of any facts to

---

[8] *See* https://europa.eu/european-union/about-eu/euro/which-countries-use-euro_en (accessed Apr. 15, 2020).

6

DEFENDANTS' MOTION TO DISMISS FAC
CASE NO. 3:20-cv-01525-RS

support this cause of action warrants dismissal of his copyright infringement claim. *See, e.g., Blazheiev v. Ubisoft Toronto Inc.*, No. 17-cv-07160-EMC, 2018 WL 3417481, at *7 (N.D. Cal. July 13, 2018) (dismissing infringement claim where "absent from Plaintiff's allegations [was] [] 'factual content'"; "[m]erely positing that Defendants have "used and are using Plaintiff's copyrighted work is a conclusory statement that does not rise to the level of 'facial plausibility'"); *Worthy v. Library of Cong. Copyright Office*, No. C-07-05736 CRB, 2007 WL 4557796, at *1 (N.D. Cal. Dec. 21, 2007) (dismissing complaint where plaintiff "fail[ed] to set forth sufficient facts to support a cognizable legal theory").

### B. Mahon Fails to State a Claim for "Infringement of the Right of the Author."

Mahon's claim for "infringement of the right of the author" fares no better. First, "infringement of the right of the author" is not even a recognized cause of action under the Copyright Act. Mahon incorrectly cites the Visual Artists Rights Act of 1990 ("VARA")—which allows authors of certain types of works of visual art certain moral rights of attribution and integrity—but the limited moral rights allowed by VARA do not apply to audiovisual works such as the Film. Second, even if this were a valid cause of action, Mahon pleads no facts in support of his conclusory allegations that Google violated his moral rights.

#### 1. "Infringement of the Right of the Author" Is Not a Recognized Cause of Action Under the Copyright Act

Mahon mistakenly alleges that the Copyright Act provides him with "rights to attribution and integrity as author of the [Film]." (FAC ¶ 48). In particular, he alleges that pursuant to Section 106(A) of the Copyright Act, he has an exclusive right "to prevent any intentional distortion, mutilation, or other modification of that work which would be prejudicial to his or her honor or reputation" and/or "prevent any destruction of a work of recognized stature, and any intentional or grossly negligent destruction of that work is a violation of that right."[9] (*Id.*).

Mahon is simply wrong. Section 106(A) of the Copyright Act, which codifies VARA,

---

[9] Mahon appears to also allege this cause of action pursuant to Section 501 of the Copyright Act. (FAC ¶ 48). Section 501, however, merely states that a person who violates a copyright owner's exclusive rights "is an infringer of the copyright or right of the author, as the case may be." 17 U.S.C. § 501(a). Because, as discussed *supra*, VARA does not apply to the Film, Section 501 provides no support for Mahon's claim.

provides certain rights of attribution and integrity to "the authors of a work of visual art." 17 U.S.C. §106(A)(a); §106(A)(b) ("Only the author of a work of visual art has the rights conferred by subsection (a) in that work"). A "work of visual art" is narrowly defined in the Copyright Act to mean:

> "(1) *a painting, drawing, print, or sculpture*, existing in a single copy, in a limited edition of 200 copies or fewer that are signed and consecutively numbered by the author, or, in the case of a sculpture, in multiple cast, carved, or fabricated sculptures of 200 or fewer that are consecutively numbered by the author and bear the signature or other identifying mark of the author; or (2) *a still photographic image* produced for exhibition purposes only, existing in a single copy that is signed by the author, or in a limited edition of 200 copies or fewer that are signed and consecutively numbered by the author.

17 U.S.C. § 101 (emphases added).

The Film is by definition neither a "painting, drawing, print, or sculpture" nor a "still photographic image." Accordingly, Section 106(A) of the Copyright Act does not apply to the Film, and Mahon's claim summarily fails. *See, e.g., Fraley v. Facebook, Inc.*, 830 F. Supp. 2d 785, 815 (N.D. Cal. 2011) (dismissing unjust enrichment claim because it did not properly state an independent cause of action).

### 2. Even if It Were a Recognized Cause of Action, Mahon Pleads No Facts in Support of Such Claim.

Even if Mahon did have a valid cause of action for infringement of his purported authorship rights, it would fail because he pleads no facts in support of this claim. Indeed, Mahon alleges less with respect to his moral rights claim than he does with his copyright claim—a mere two conclusory allegations that Google was (i) "violating…his moral rights" (FAC ¶ 32); and (ii) acted "in violation of [his] moral rights…to attribution and integrity as author of the Motion Picture." (*Id*. at ¶ 48). For the same reasons that Mahon's copyright infringement claim fails (as explained *supra*, § V(A)) his claim for "infringement of the right of the author" fails and should also be dismissed.

### CONCLUSION

For the foregoing reasons, Google respectfully requests that the Court dismiss the FAC in

8

1  its entirety pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon
2  which relief can be granted.
3
4  DATED: April 15, 2020                    MAYER BROWN LLP
5                                            By: /s/ A. John P. Mancini
6                                            **MAYER BROWN LLP**
                                             A. JOHN P. MANCINI
7                                            jmancini@mayerbrown.com
                                             OLENA V. RIPNICK-O'FARRELL
8                                            oripnick-ofarrell@mayerbrown.com
                                             1221 Avenue of the Americas
9                                            New York, NY, 10020-1001
                                             Telephone: (212) 506-2500
10                                           Facsimile:  (212) 262-1910
11                                           GRAHAM (GRAY) BUCCIGROSS (234558)
                                             gbuccigross@mayerbrown.com
12                                           Two Palo Alto Square, Suite 300
                                             3000 El Camino Real
13                                           Palo Alto, CA  94306-2112
                                             Telephone: (650) 331-2000
14                                           Facsimile:  (650) 331-2060
15
16                                           *Attorneys for Defendants Google LLC and YouTube LLC*
17
18
19
20
21
22
23
24
25
26
27
28