**MAYER BROWN LLP**
A. JOHN P. MANCINI (*pro hac vice*)
jmancini@mayerbrown.com
OLENA V. RIPNICK-O'FARRELL (*pro hac vice*)
oripnick-ofarrell@mayerbrown.com
1221 Avenue of the Americas
New York, NY, 10020-1001
Telephone: (212) 506-2500
Facsimile:  (212) 262-1910

GRAHAM (GRAY) BUCCIGROSS (SBN 234558)
gbuccigross@mayerbrown.com
Two Palo Alto Square, Suite 300
3000 El Camino Real
Palo Alto, CA  94306-2112
Telephone: (650) 331-2000
Facsimile:  (650) 331-2060

Attorneys for Defendants Google LLC
and YouTube LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK MAHON,<br><br>     Plaintiff,<br><br>  v.<br><br>YOUTUBE LLC, et al.,<br><br>     Defendants. | **CASE NO. 4:20-cv-01525-YGR**<br><br>**RELATED CASES:**<br>  2020-cv-01523<br>  2020-cv-01525<br>  2020-cv-01527<br>  2020-cv-01530<br>  2020-cv-01534<br><br>**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6)**<br><br>Hearing Date: June 2, 2020<br>Time: 2:00 p.m.<br>Courtroom: Courtroom 1, 4th Floor<br>Judge: Hon. Yvonne Gonzalez Rogers |

**TABLE OF CONTENTS**

**Page**

I. PRELIMINARY STATEMENT ........................................................................................ 1

II. ARGUMENT ..................................................................................................................... 1

    A. Plaintiff Cites No Facts In Support of His Conclusory Allegations That Google Committed Copyright Infringement............................................................ 1

    B. Plaintiff Does Not Dispute That VARA Does Not Apply to Films and Admits "That There Is No Precedent Case Law To Support His Legal Theory" That He Is Entitled To Relief for Infringement of His Alleged Authorial Rights........................................................................................................ 2

III. CONCLUSION................................................................................................................... 4

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Blazheiev v. Ubisoft Toronto Inc.*,
 No. 17-cv-07160-EMC, 2018 WL 3417481 (N.D. Cal. July 13, 2018) ................................. 2

*Cheffins v. Stewart*,
 825 F. 3d 588 (9th Cir. 2016) ............................................................................................. 3

*Factory Direct Wholesale, LLC v. iTouchless Housewares and Prods., Inc.*
 411 F. Supp. 3d 905 (N.D. Cal. 2019) ................................................................................ 2

*Fahmy v. Jay-Z*,
 908 F.3d 383 (9th Cir. 2018) ............................................................................................... 3

*Friedman v. Zimmer*,
 Case No. CV-15-502 GHK (Ex). 2015 WL 6164787 (C.D. Cal. Jul. 10, 2015) .................. 3

*Starr v. Baca*,
 652 F.3d 1202 (9th Cir. 2011) ............................................................................................. 2

*Synopsys, Inc. v. ATopTech, Inc.*,
 No. C13-cv-02965 SC, 2013 WL 5770542 (N.D. Cal. Oct. 24, 2013) ................................ 2

**Other Authorities**

Fed. R. Civ. P. 12(b)(6) .................................................................................................... 1, 4

https://www.wipo.int/treaties/en/ip/berne/ .......................................................................... 3

United States Copyright Office, *Authors, Attribution and Integrity: Examining Moral Rights in the United States* (Apr. 23, 2019), *available at*
 https://www.copyright.gov/policy/moralrights/full-report.pdf. ........................................... 3

Defendants Google LLC and its wholly owned subsidiary YouTube LLC (collectively, "Google") by and through their undersigned counsel, submit this Reply Memorandum of Law In Support of Their Motion to Dismiss Plaintiff's First Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6).  For the reasons stated in Defendants' opening brief and this reply brief, Defendants respectfully request that the Court dismiss the First Amended Complaint ("FAC") in its entirety.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.     PRELIMINARY STATEMENT

The Court should dismiss the FAC.  Plaintiff has not sufficiently pleaded that Defendants have infringed his purported copyright in the film *Strength and Honor* (the "Film"), and his claim for "infringement of the right of the author" is not a recognized cause of action for films under United States copyright law.  Rather than engage with these points in his opposition brief, Plaintiff's argument impermissibly rests primarily on allegations, evidence and legal theories asserted for the first time here—and not even asserted in the FAC.

Plaintiff does not cite to a single fact in the FAC that supports his conclusory allegations against Google.  Incredibly, Plaintiff also readily ***admits*** "there is no precedent case law to support his legal theory" that he has a claim for "infringement of the right of the author" under United States law.  In short, Plaintiff fails to demonstrate that he has stated any claim upon which relief should be granted, and, accordingly, the Court should dismiss the FAC in its entirety.

### II.    ARGUMENT

#### A.     Plaintiff Cites No Facts In Support of His Conclusory Allegations That Google Committed Copyright Infringement

Plaintiff's opposition neglects to address the key failing of his copyright infringement claim—namely, that there are no *factual* allegations against Google to support his conclusory allegations in this respect.  Indeed, Plaintiff does not point to a single factual allegation in opposing Google's motion, but rather merely repeats the same deficient conclusory allegations contained in the FAC and identified by Google in its moving brief (Opp. at 7-10).  In addition,

Plaintiff impermissibly seeks to rehabilitate his wholly deficient pleading by attempting to introduce additional evidence that is outside the scope of the FAC, including evidence submitted by Mainsail in Plaintiff's separate action against that wholly unrelated entity. (Opp. at 12).

Plaintiff's copyright claims cannot survive Google's motion to dismiss. As this Court is aware, a claim is facially plausible only when "[t]he allegations made in a complaint [are] both 'sufficiently detailed to give fair notice to the opposing party of the nature of the claim so that the party may effectively defend against it' and 'sufficiently plausible' such that 'it is not unfair to require the opposing party to be subjected to the expense of discovery.'" *Synopsys, Inc. v. ATopTech, Inc.*, No. C13-cv-02965 SC, 2013 WL 5770542, at *3 (N.D. Cal. Oct. 24, 2013) (quoting *Starr v. Baca,* 652 F.3d 1202, 1216 (9th Cir. 2011)). And allegations consisting of legal conclusions alone are insufficient—such assertions must be supported by factual allegations. *See, e.g., Factory Direct Wholesale, LLC v. iTouchless Housewares and Prods., Inc.* 411 F. Supp. 3d 905, 913-14 (N.D. Cal. 2019) (internal citations omitted).

Nowhere in his opposition brief does Plaintiff point to a single factual allegation against Google that supports his claims against it. Nor can he, because there are none. Indeed, the FAC contains no details of how, when or even where Google purportedly infringed the Film (MTD at pp. 5-7). And Plaintiff's inappropriate attempt to introduce additional evidence that was not included in the FAC (Opp. at 12) goes well beyond what Plaintiff has pleaded in his case.

The bulk of the allegations in the FAC have nothing to do with Google, and those that do consist of conclusory statements that simply "do[] not rise to the level of 'facial plausibility.'" *Blazheiev v. Ubisoft Toronto Inc.*, No. 17-cv-07160-EMC, 2018 WL 3417481, at *7 (N.D. Cal. July 13, 2018). Accordingly, the Court should dismiss Plaintiff's copyright infringement claim in its entirety.

### B. Plaintiff Does Not Dispute That VARA Does Not Apply to Films, and Admits "That There Is No Precedent Case Law To Support His Legal Theory" That He Is Entitled To Relief for Infringement of His Alleged Authorial Rights

The Visual Artists Rights Act of 1990 ("VARA"), which is codified in Section 106A of the Copyright Act, provides certain rights of attribution and integrity to "the authors of works of visual art"—a narrowly defined category of works that does not include audiovisual works such

as the Film. (MTD. at pp. 7-8); *see also Cheffins v. Stewart*, 825 F. 3d 588, 592-94 (9th Cir. 2016) (holding that VARA does not protect applied art); *Friedman v. Zimmer*, Case No. CV-15-502 GHK (Ex). 2015 WL 6164787, at *5 (C.D. Cal. Jul. 10, 2015) ("[p]laintiff has no moral rights under the U.S. Copyright Act [for his musical composition], which recognizes moral rights only for works of visual art").

Plaintiff does not dispute that black letter law precludes the Film from protection under VARA. Nor does he dispute that he has not alleged a single fact to support his conclusory allegations that Google has infringed his alleged moral rights. Rather, Plaintiff appears to argue that the only way he is able to seek relief pursuant to the Berne Convention for the Protection of Literary and Artistic Works (the "Berne Convention")—an international treaty to which the United States is a signatory[1]—is pursuant to VARA—and that if he is unable to do so, then the Google is in violation of the Berne Convention.

Plaintiff readily admits that "there is no precedent case law to support his legal theory." (Opp. at p. 18). Nor could there be, because he is wholly mistaken with respect to the obligations imposed by the United States' ratification of the Berne Convention. First, the Berne Convention imposes no obligations on Google, because it is the United States—and not Google—who is a party to this treaty. And to the extent Plaintiff attempts to argue that the United States is in breach of its obligations under the Berne Convention, there is ample evidence demonstrating otherwise. *See, e.g.,* United States Copyright Office, *Authors, Attribution and Integrity: Examining Moral Rights in the United States* (Apr. 23, 2019), *available at* https://www.copyright.gov/policy/moralrights/full-report.pdf. (accessed May 6, 2020).

Second, the Berne Convention guarantees only that foreign copyrights are afforded the same protection as holders of domestic copyrights. *Fahmy v. Jay-Z*, 908 F.3d 383, 390 (9th Cir. 2018). Parties to the Berne Convention are not required to grant foreign copyright holders rights that are not granted to its domestic copyright holders—and since United States law "does not accord protection of moral rights to American copyright holders as to non-visual art," neither does it recognize Plaintiff's claims to moral rights here. *Id.*

---

[1] *See* https://www.wipo.int/treaties/en/ip/berne/ (accessed May 6, 2020).

3

Simply put, plaintiff seeks relief for a cause of action that does not exist under the U.S. Copyright Act.[2]  The Court should dismiss Plaintiff's claim for "infringement of the right of the author" in its entirety.

### III.   CONCLUSION

For the foregoing reasons, Google respectfully requests that the Court dismiss the FAC in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

DATED: May 6, 2020

MAYER BROWN LLP

By: */s/ A. John P. Mancini*

**MAYER BROWN LLP**
A. JOHN P. MANCINI
jmancini@mayerbrown.com
OLENA V. RIPNICK-O'FARRELL
oripnick-ofarrell@mayerbrown.com
1221 Avenue of the Americas
New York, NY, 10020-1001
Telephone: (212) 506-2500
Facsimile:  (212) 262-1910

GRAHAM (GRAY) BUCCIGROSS (234558)
gbuccigross@mayerbrown.com
Two Palo Alto Square, Suite 300
3000 El Camino Real
Palo Alto, CA  94306-2112
Telephone: (650) 331-2000
Facsimile:  (650) 331-2060

*Attorneys for Defendants Google LLC and YouTube LLC*

---

[2] Even if U.S. Copyright law recognized such a claim for film – which it does not – Plaintiff's claim for "moral rights" also fails because he pleads no facts against Google in support of such purported cause of action. *See supra* II.B.