**MAYER BROWN LLP**
A. JOHN P. MANCINI (*pro hac vice*)
jmancini@mayerbrown.com
OLENA V. RIPNICK-O'FARRELL (*pro hac vice*)
oripnick-ofarrell@mayerbrown.com
1221 Avenue of the Americas
New York, NY, 10020-1001
Telephone: (212) 506-2500
Facsimile:  (212) 262-1910

GRAHAM (GRAY) BUCCIGROSS (SBN 234558)
gbuccigross@mayerbrown.com
Two Palo Alto Square, Suite 300
3000 El Camino Real
Palo Alto, CA  94306-2112
Telephone: (650) 331-2000
Facsimile:  (650) 331-2060

Attorneys for Defendants YouTube LLC
and Google LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARK MAHON,<br><br>           Plaintiff,<br><br>     v.<br><br>YOUTUBE, LLC, et al.,<br><br>           Defendants. | **CASE NO. 4:20-cv-01525-YGR**<br><br>**RELATED CASES:**<br>     2020-cv-01523<br>     2020-cv-01525<br>     2020-cv-01527<br>     2020-cv-01530<br>     2020-cv-01534<br><br>**DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6)**<br><br>Hearing Date: November 3, 2020<br>Time: 2:00 p.m.<br>Courtroom: Courtroom 1, 4th Floor<br>Judge: Hon. Yvonne Gonzalez Rogers |

**TABLE OF CONTENTS**

Page

I. PRELIMINARY STATEMENT ................................................................................... 1
II. BACKGROUND ........................................................................................................... 2
   A. Procedural Background ..................................................................................... 2
   B. Mahon's Insufficient Allegations Against Google ............................................ 3
III. ISSUES TO BE DECIDED AS TO GOOGLE (CIV. L.R. 7-4(A)(3)) ............................ 5
IV. LEGAL STANDARD .................................................................................................... 5
V. ARGUMENT ................................................................................................................. 6
   A. Mahon Pleads No Facts to Support His Claim of Copyright Infringement and It Should Therefore Be Dismissed. ............................................................ 6
   B. Mahon Should Not Be Afforded Yet Another Opportunity to Amend ................ 8
CONCLUSION ............................................................................................................................. 9

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
　556 U.S. 662 (2009) ................................................................................................................. 5

*Bell Atl. Corp. v. Twombly*,
　550 U.S. 544 (2007) ................................................................................................................. 5

*Blazheiev v. Ubisoft Toronto Inc.*,
　No. 17-cv-07160-EMC, 2018 WL 3417481 (N.D. Cal. July 13, 2018) ................................... 8

*Factory Direct Wholesale, LLC v. iTouchless Housewares and Prods., Inc.*
　411 F. Supp. 3d 905 (N.D. Cal. 2019) ..................................................................................... 6

*Feist Publ'n, Inc. v. Rural Tel. Serv. Co.*,
　499 U.S. 340 (1991) ................................................................................................................. 6

*Gorski v. The Gymboree Corp.*,
　No. 14-CV-01314-LHK, 2014 WL 3533324 (N.D. Cal. July 16, 2014) ................................. 6

*Loos v. Immersion Corp.*,
　762 F.3d 880 (9th Cir. 2014) ................................................................................................... 8

*Perfect 10, Inc. v. Giganews, Inc.*,
　847 F.3d 657 (9th Cir. 2017) ................................................................................................... 6

*Starr v. Baca*,
　652 F.3d 1202 (9th Cir. 2011) ................................................................................................. 5

*Synopsys, Inc. v. ATopTech, Inc.*,
　No. C13-cv-02965 SC, 2013 WL 5770542 (N.D. Cal. Oct. 24, 2013) .................................... 5

*UMG Recordings, Inc. v. Shelter Capital Partners LLC*,
　718 F.3d 1006 (9th Cir. 2013) ................................................................................................. 6

*Worthy v. Library of Cong. Copyright Office*,
　No. C-07-05736 CRB, 2007 WL 4557796 (N.D. Cal. Dec. 21, 2007) .................................... 8

*Zucco Partners, LLC v. Digimarc Corp.*,
　552 F.3d 981 (9th Cir. 2009) ................................................................................................... 8

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on November 3, 2020, at 2:00 p.m., or as soon after as this matter may be heard, before the Honorable Yvonne Gonzalez Rogers in Courtroom 1, 4th Floor, of this Court located at 1301 Clay Street, Oakland, CA, 94612, Defendants Google LLC and its wholly owned subsidiary YouTube LLC (collectively, "Google") will and hereby do move to dismiss the Second Amended Complaint ("SAC") of *pro se* Plaintiff Mark Mahon ("Plaintiff" or "Mahon").

Google brings this motion pursuant to Federal Rule of Civil Procedure 12(b)(6) because Plaintiff fails to state a claim against Google. Google's motion is based on this Notice of Motion and Memorandum of Points and Authorities; all other pleadings and papers filed in this action; and any oral argument that the Court may permit.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   PRELIMINARY STATEMENT**

The SAC alleges that Google infringed Mahon's copyright in the film Strength and Honor, which was released in cinemas a decade ago. The Court has already dismissed Mahon's copyright claim once, finding that Mahon's previous complaint failed to state a claim because "the alleged act of infringement took place extraterritorially." (Dkt. 41 at 26).

Mahon's SAC does not cure those deficiencies. It relies on the same set of facts and incorporates the same "evidence" that the Court previously found to be deficient, and merely wraps them into new conclusory allegations in a failed attempt to concoct an exportation claim under the U.S. Copyright Act. As an initial matter, Mahon's allegations remain primarily directed to third parties unconnected with Google. And the few allegations relating to Google do not identify any allegedly infringing act that occurred in the United States. Mahon thus pleads no facts identifying any domestic act of copyright infringement. Rather than plead any such facts, the SAC simply adds conclusory statements that Google "exported" the Film. But in the absence of any further factual detail, such threadbare assertions fail to state a claim for copyright infringement.

Given the foregoing, the Court should dismiss the SAC in its entirety, with prejudice.

## II. BACKGROUND

### A. Procedural Background

Mahon filed this action against Google[1] on March 2, 2020, alleging that pursuant to the Copyright Act of 1976 (the "Copyright Act"), Google was liable for infringing his copyright and "right of the author" in relation to the film *Strength and Honor* (the "Film"). (Dkt. 1). On March 24, 2020, before Google responded to the Complaint, Mahon filed a First Amended Complaint ("FAC"), which alleged the same causes of action as the original Complaint. (Dkt 16). On April 15, 2020, Google moved to dismiss the FAC, pursuant to Fed. R. Civ. P. 12 (b)(6), for failure to state a claim. (Dkt. 29). On April 22, 2020, this Court deemed this and the following cases related pursuant to Civil Local Rule 3-12:

- *Mahon v. Mainsail LLC, et al.*, Case No. 4:20-cv-01523[2]
- *Mahon v. YouTube LLC, et al.,* Case No. 4:20-cv-01525
- *Mahon v. Entertainment One US LP et al*, Case No. 4:20-cv-01527[3]
- *Mahon v. Alphabet Inc., et al.*, Case No. 4:20-cv-01530[4]
- *Mahon v. Apple Inc., et al.*, Case No. 4:20-cv-01534[5]

(Dkt. 30).

On August 7, 2020, this Court issued an Omnibus Order ruling on motions to dismiss filed in all five related cases. (Dkt. 41). As it relates to this case, the Court granted Google's motion, concluding that Mahon failed to state a claim for either copyright infringement or "right of the author." *Id.* at 26. With respect to the copyright claim, the Court found that Mahon "only alleges purchasing the Film in euros and makes no allegations that the Film was available for

---

[1] Mahon mistakenly filed this action against YouTube LLC and "Google LLC doing business as YouTube." YouTube is not a d/b/a, but rather, Google's wholly-owned subsidiary.
[2] This action names as defendants Mainsail LLC; Shoreline Entertainment, Inc.; and Sam Eigen, an individual (referred to herein as "Mainsail").
[3] This action names as defendants Entertainment One US LP; Entertainment One Licensing US, Inc.; Entertainment One Ltd.; and Entertainment One UK Ltd. (referred to herein as "Entertainment One").
[4] Google LLC is also a named defendant in this action, with its parent Alphabet Inc.
[5] This action names as defendants Apple Inc.; iTunes Store; and Apple Distribution International Ltd. (referred to herein as "Apple").

1  purchase in the United States," and does not allege that "YouTube participated in, or contributed
2  to, Visual Data's copying of the Film in the United States." *Id.* Thus, "because the alleged act of
3  infringement took place extraterritorially," the Court concluded that Mahon "fails to state a claim
4  for copyright infringement." *Id.* The Court granted Mahon leave to replead his copyright claim,
5  but not his right of author claim. *Id.*

6  Mahon filed the SAC on September 2, 2020, asserting a single count of copyright
7  infringement against Google.

### B. Mahon's Insufficient Allegations Against Google

The SAC alleges that Google is liable for copyright infringement on the basis that the Film was available on YouTube in 2019. (SAC at ¶ 50). In doing so, Mahon alleges the same set of facts that this Court has already determined do not state a claim for relief. Indeed, the SAC relies on the ***same exhibits*** as the deficient FAC, and merely adds conclusory recitations of the legal requirements for copyright infringement. Because threadbare conclusory allegations cannot survive without any predicate supporting facts, the SAC fails to state a claim against Google.

Mahon's claim of copyright infringement now depends on an exportation theory. But in response to the Court's dismissal of the FAC, Mahon has merely added several conclusory statements to the SAC purporting to allege that Google exported the Film without authorization, namely:

- In 2016 "the Motion Picture was still being distributed/exported to Ireland, the U.K. and Europe by Defendants through their digital platforms based in California in violation of Plaintiff's copyright and his moral rights. Plaintiff also made a commercial purchase from YouTube himself in 2016." (SAC at ¶ 32).
- "Further, Defendants were still violating Plaintiff's copyright and his moral rights in 2019 as is evidenced by a commercial purchase of same." *Id.*
- "[T]hose counterfeit copies were acquired by numerous companies around the world, including Defendants, who have been commercially exploiting Plaintiff's copyright protected Motion Picture for several years under the continuing violation doctrine. . . . [T]hese counterfeit copies were created in the State of

- "California, and subsequent distribution deals were done with technology companies in California and the United States, including with Defendants . . . ." (*Id*. at ¶ 33).

- "Upon information and belief, proof and admission of use by Google LLC, Defendants have unlawfully produced, copied, reproduced, distributed, exported, sold for profit and publicly performed Plaintiff's copyright protected work and copied, reproduced, distributed, exported, counterfeit derivatives of Plaintiff's protected work that stemmed from the State of California and Visual Data as directed by Mainsail et al. Mainsail then provided the illicit/counterfeit copies to Entertainment One et al. who subsequently provided them to Defendants and other distributors in violation of Plaintiff's exclusive rights . . . ." (*Id*. at ¶ 50).

- "Further, Plaintiff believes that Defendants violated his right to distribution and/or copying of the Motion Picture in California and/or in the United States, as Defendants distributed/exported his Copyright protected Motion Picture through their digital platforms around the world from California." (*Id.*)

- "Defendants copied, distributed and exported copies of the unlawfully produced, copied, reproduced copies of Plaintiff's Motion Picture and counterfeit cover via YouTube and Google's digital platforms from California under the continuing violation doctrine, where it was still available for purchase online in 2019 around the world." (*Id*. at ¶ 51).

Even a cursory review of the aforementioned allegations exposes how they are nothing more than threadbare conclusory allegations without any factual support, whatsoever. In addition, the only *facts* contained in the SAC (as found in the exhibits) do not support those conclusory statements, and provide no additional details concerning Google's alleged exportation of the Film or any act of infringement in the United States. Mahon pleads only that Google "identified Entertainment One at their North American office, as the Google provider of

the Motion Picture." (SAC ¶ at 50).[6] But the corresponding exhibit—which Mahon attached only to his complaint in the related case against Alphabet—shows that Google directed Mahon to an Entertainment One employee who, via her 416 area code, is located in Toronto, Canada—not the United States. *See* Case No. 4:20-cv-1530, Dkt. 16-5, FAC Ex. 41. The only other Google-specific facts on which Mahon relies are receipts evidencing the rental and purchase of the Film on YouTube, which state "©2016 YouTube, LLC Cherry Ave, San Bruno, CA 94066." (SAC ¶ 32). But that likewise shows no relevant connection to the United States. The receipt and related documentation show the Film was paid for in Euros, and that the payment was processed in Ireland by "Google Commerce Limited, Attn: YouTube Paid Services, Gordon House, Barrow Street, Dublin 4, Ireland." *See* Dkt. 16-5, FAC Ex. 31, at p. [152].[7]

**III.    ISSUES TO BE DECIDED AS TO GOOGLE (CIV. L.R. 7-4(A)(3))**

1. Whether the Court should dismiss the SAC for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

**IV.    LEGAL STANDARD**

To survive Google's Rule 12(b)(6) motion to dismiss, Mahon must plead sufficient facts "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  In particular, "[t]he allegations made in a complaint must be both 'sufficiently detailed to give fair notice to the opposing party of the nature of the claim so that the party may effectively defend against it' and 'sufficiently plausible' such that 'it is not unfair to require the opposing party to be subjected to the expense of discovery.'" *Synopsys, Inc. v. ATopTech, Inc.*, No. C13-cv-02965 SC, 2013 WL 5770542, at *3 (N.D. Cal. Oct. 24, 2013) (quoting *Starr v. Baca,* 652 F.3d 1202, 1216 (9th Cir. 2011)).

---

[6] In addition to Entertainment One US LP and Entertainment One Licensing US, Inc., Mahon has sued, and the Court has dismissed pending jurisdictional discovery, Entertainment One Ltd. (a Canadian corporation) and Entertainment One UK Ltd. (a UK corporation).
[7] The San Bruno address listed in the receipt's copyright notice is the address of YouTube's headquarters. *See* https://www.youtube.com/t/contact_us (accessed Sept. 22, 2020).

While the Court must accept as true all factual allegations set forth in the complaint and draw all reasonable inferences in favor of the plaintiff, legal conclusions are not entitled to an assumption of truth—***they must be supported by factual allegations***.  *See, e.g., Factory Direct Wholesale, LLC v. iTouchless Housewares and Prods., Inc.* 411 F. Supp. 3d 905, 913-14 (N.D. Cal. 2019) (internal citations omitted).  Where there is a "lack of a cognizable legal theory or the absence of sufficient facts alleged," a complaint must be dismissed.  *UMG Recordings, Inc. v. Shelter Capital Partners LLC*, 718 F.3d 1006, 1014 (9th Cir. 2013) (internal citation omitted).

## V. ARGUMENT

### A. Mahon Pleads No Facts to Support His Claim of Copyright Infringement and It Should Therefore Be Dismissed.

Mahon's copyright infringement claim should be dismissed. The bulk of the allegations set forth in the SAC relate to third parties—primarily Mainsail and Entertainment One—unconnected to Google. And the handful of allegations that do relate to Google are mere legal conclusions unsupported by any factual allegations. Mahon pleads ***no facts*** curing the primary shortcoming the Court found in the FAC—that "the alleged act of infringement took place extraterritorially." (Dkt. 41 at 26). Accordingly, the SAC does not state a plausible claim for relief.

To state a claim for copyright infringement, Mahon must plead facts demonstrating (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *See Feist Publ'n, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991); *see also, e.g., Gorski v. The Gymboree Corp.*, No. 14-CV-01314-LHK, 2014 WL 3533324, at *3 (N.D. Cal. July 16, 2014). In particular, Mahon must "demonstrate that the alleged infringers violated at least one exclusive right granted to copyright holders under [the Copyright Act]." *Perfect 10, Inc. v. Giganews, Inc.*, 847 F.3d 657, 666 (9th Cir. 2017) (quotations omitted). Even assuming Mahon has sufficiently pleaded ownership in the Film,[8] his claim fails because he has pleaded no

---

[8] Google assumes for the purposes of this motion only that Mahon has sufficiently pleaded ownership of the Film. It reserves all rights to challenge Mahon's purported ownership of the Film, including with respect to the "correction" he made on the Film's U.S. copyright registration in 2017, when he changed the Film's author from Maron Pictures to himself (Dkt. 16-5, FAC at Ex. 2), and which was filed two years after a contract dispute with Maron Pictures

facts to demonstrate that Google has violated any rights granted under the Copyright Act.

The SAC's few allegations relating to Google are conclusory and establish no connection between Google and any purportedly infringing act alleged to occur in the United States. Mahon takes great pains to allege facts concerning the Film itself (SAC at ¶¶ 13-16) and his extensive history with Mainsail and Entertainment One (*id.* at ¶¶ 17-31). Riveting as Mahon's narrative about his course of dealings with Mainsail and Entertainment One may be, these allegations— which make up the bulk of the SAC—have nothing to do with Google.

The one factual allegation that any technology company received the Film in the United States likewise has nothing to do with Google. Mahon instead alleges that ***Apple*** received the film from Entertainment One US LP. (SAC at ¶ 37). But Apple is not a party to this case. Mahon tries to gin up a connection between Google and the United States, alleging that Google "identified Entertainment One at their ***North American*** office, as the Google provider of the Motion Picture." (SAC at ¶ 50 (emphasis added)). There is a reason why Mahon wrote "North America," not the United States: his own evidence shows that Google merely provided Mahon with the contact information of an Entertainment One employee (Emily Harris) who is located in ***Canada***. *See* Case No. 4:20-cv-1530, Dkt. 16-5, FAC Ex. 41 (showing Toronto's 416 area code for Ms. Harris). And in any event, the location of a single employee says nothing about when, where, or how Google received, or allegedly exported, the Film.

On those facts, the SAC is wholly silent. Mahon's allegation of infringement is that the Film was for a time available on YouTube. (SAC ¶ 32, 34). The SAC pleads no further facts explaining how that purported infringement has any connection to the United States. Mahon points to documentation showing his own purchase of the Film in Euros, and YouTube purchase receipts listing, in a general copyright notice, the address of YouTube's corporate headquarters. But the facts that actually relate to the Film show no connection to the United States. Mahon's receipts show only that the payments were processed by an entity with an Irish address. *See* Dkt. 16-5, FAC Ex. 31, at p. [152]. Mere evidence that the Film may have been available in Europe

(SAC at ¶ 28) and eight years after the registration was originally filed (Dkt. 16-5, FAC Ex. 2).

does not support Mahon's claim that Google infringed his copyright by *exporting* the Film from the United States.

Unable to plead any facts connecting Google to any infringing act in the United States, Mahon's allegations that Google exported the Film are entirely conclusory. *E.g.* SAC at ¶ 51 ("Defendants copied, distributed and exported copies of the unlawfully produced, copied, reproduced copies of Plaintiff's Motion Picture and counterfeit cover via YouTube and Google's digital platforms from California . . . ."). But without alleging any facts about how Google "copied, distributed and exported copies" of the Film, Mahon cannot state a claim for copyright infringement. *See, e.g., Blazheiev v. Ubisoft Toronto Inc.*, No. 17-cv-07160-EMC, 2018 WL 3417481, at *7 (N.D. Cal. July 13, 2018) (dismissing infringement claim where "absent from Plaintiff's allegations [was] [] 'factual content'"; "[m]erely positing that Defendants have 'used and are using Plaintiff's copyrighted work' is a conclusory statement that does not rise to the level of 'facial plausibility'"); *Worthy v. Library of Cong. Copyright Office*, No. C-07-05736 CRB, 2007 WL 4557796, at *1 (N.D. Cal. Dec. 21, 2007) (dismissing complaint where plaintiff "fail[ed] to set forth sufficient facts to support a cognizable legal theory").

### B.  Mahon Should Not Be Afforded Yet Another Opportunity to Amend

The Court has already dismissed Mahon's copyright claim once for failure to plead that Google undertook any act of alleged infringement in the United States. Those critical facts remain missing from the SAC. Mahon thus remains unable to plead a plausible claim of copyright infringement, despite having had multiple chances to do so. Accordingly, the Court should deny Mahon leave to amend his complaint for a third time, and dismiss this action with prejudice. *See, e.g.*, *Loos v. Immersion Corp.*, 762 F.3d 880, 890 (9th Cir. 2014) (affirming dismissal without leave to amend where "[t]he district court gave Plaintiff a detailed explanation of why his original theory of loss causation was deficient" and Plaintiff "essentially re-pled the same facts and theories" in his amended complaint"); *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) ("[W]here the plaintiff has previously been granted leave to amend and has subsequently failed to add the requisite particularity to its claims, '[t]he district court's discretion to deny leave to amend is particularly broad.'").

# **CONCLUSION**

For the foregoing reasons, Google respectfully requests that the Court dismiss the SAC with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

DATED: September 23, 2020                           MAYER BROWN LLP

By: /s/ A. John P. Mancini

**MAYER BROWN LLP**
A. JOHN P. MANCINI
jmancini@mayerbrown.com
OLENA V. RIPNICK-O'FARRELL
oripnick-ofarrell@mayerbrown.com
1221 Avenue of the Americas
New York, NY, 10020-1001
Telephone: (212) 506-2500
Facsimile:  (212) 262-1910

GRAHAM (GRAY) BUCCIGROSS (234558)
gbuccigross@mayerbrown.com
Two Palo Alto Square, Suite 300
3000 El Camino Real
Palo Alto, CA  94306-2112
Telephone: (650) 331-2000
Facsimile:  (650) 331-2060


*Attorneys for Defendants Google LLC and YouTube LLC*