**MAYER BROWN LLP**
A. JOHN P. MANCINI (*pro hac vice*)
jmancini@mayerbrown.com
OLENA V. RIPNICK-O'FARRELL (*pro hac vice*)
oripnick-ofarrell@mayerbrown.com
1221 Avenue of the Americas
New York, NY, 10020-1001
Telephone: (212) 506-2500
Facsimile:  (212) 262-1910

GRAHAM (GRAY) BUCCIGROSS (SBN 234558)
gbuccigross@mayerbrown.com
Two Palo Alto Square, Suite 300
3000 El Camino Real
Palo Alto, CA  94306-2112
Telephone: (650) 331-2000
Facsimile:  (650) 331-2060

Attorneys for Defendants Google LLC
and YouTube LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK MAHON,<br><br>       Plaintiff,<br><br>   v.<br><br>YOUTUBE LLC, et al.,<br><br>       Defendants. | CASE NO. 4:20-cv-01525-YGR<br><br>**RELATED CASES:**<br>    2020-cv-01523<br>    2020-cv-01525<br>    2020-cv-01527<br>    2020-cv-01530<br>    2020-cv-01534<br><br>**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6)**<br><br>Hearing Date: November 3, 2020<br>Time: 2:00 p.m.<br>Courtroom: Courtroom 1, 4th Floor<br>Judge: Hon. Yvonne Gonzalez Rogers |

**TABLE OF CONTENTS**

**Page**

I.    PRELIMINARY STATEMENT ........................................................................................ 1

II.   ARGUMENT ..................................................................................................................... 1

     A.    Mahon's Conclusory Allegations of Copyright Infringement Remain Deficient ................................................................................................................ 1

III.  CONCLUSION .................................................................................................................. 4

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ..................................................................................................................3

*Blazhiev v. Ubisoft Toronto Inc.*,
    No. 17-cv-07160-EMC, 2018 WL 3417481 (N.D. Cal. July 13, 2018) ....................................3

*Loos v. Immersion Corp.*,
    762 F.3d 880 (9th Cir. 2014) ....................................................................................................3

*Zucco Partners, LLC v. Digimarc Corp.*,
    552 F.3d 981 (9th Cir. 2009) ....................................................................................................4

**Statutes, Rules and Regulations**

Fed. R. Civ. P. 12(b)(6) ...............................................................................................................1, 4

Defendants Google LLC and its wholly owned subsidiary YouTube LLC (collectively, "Google") by and through their undersigned counsel, submit this Reply Memorandum of Law In Support of Their Motion to Dismiss Plaintiff's Second Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons stated in Google's opening brief and this reply brief, Defendants respectfully request that the Court dismiss the Second Amended Complaint ("SAC") in its entirety, with prejudice.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  PRELIMINARY STATEMENT

The Court should dismiss the SAC. Mahon's claim of copyright infringement largely relies on facts and evidence concerning Mahon's long history with various third parties. Those facts have nothing to do with any act of alleged infringement by Google.

The few allegations that do relate to Google fail to state a claim. Mahon's "new" allegations consist of conclusory statements based on the same set of facts that the Court has already concluded fail to state a claim under the Copyright Act. Mahon cannot salvage his deficient pleading with such conclusory and cumulative assertions. The *facts* contained in the SAC still allege only that "the alleged act of infringement took place extraterritorially." (Dkt. 41 at 26.).

Accordingly, the Court should dismiss the SAC in its entirety, with prejudice.

### II.  ARGUMENT

#### A.  Mahon's Conclusory Allegations of Copyright Infringement Remain Deficient

The Court has already once concluded that Mahon's allegations of copyright infringement do not state a claim against Google, because they fail to plausibly show any domestic act of infringement. Neither Mahon's conclusory amendments nor his opposition alter the landscape.

Google's Motion explains that Mahon still pleads no facts plausibly showing that Google engaged in any act of infringement in the United States. In opposition, Mahon points to "nine occasions" where the SAC purportedly states a plausible claim "[s]upported by [e]vidence."

1  (Opp'n at 8-9). But the substance of those allegations—and all of the evidentiary support—are
2  repeated from his dismissed FAC.
3      For example, Mahon alleged in the deficient FAC that Visual Data copied the Film in
4  California, and that those copies, which were "created in the State of California," were acquired
5  by Defendants. (Dkt. 16, FAC at ¶ 33). The FAC also alleged that Entertainment One received
6  rights to the Film from Mainsail, and then "authorized giving it to 'Google and other digital
7  platforms.'" *Id.* at ¶ 36. And both complaints allege that the Film was available on Google Play
8  in Europe. *Id.* at ¶ 32; SAC at ¶ 32. Thus, Mahon's "new" allegations that, following Visual
9  Data's copying of the Film, "subsequent distribution deals were done with technology companies
10 in California and the United States, including with Defendants," (SAC at ¶ 33), and that Mainsail
11 "provided the illicit/counterfeit copies to Entertainment One et al. who subsequently provided
12 them to Defendants and/or other distributors" (SAC at ¶ 50), merely rehash his old, inadequate
13 pleading.
14     The same is true of Mahon's allegation that "[o]n February 10, 2020, California-based
15 Google identified Entertainment One at their North American office, as the Google provider of
16 the Motion Picture." (SAC at ¶ 50). The actual correspondence (which Mahon attached to his
17 FAC in the *Alphabet* case, and refers only to the Google Play the service accused in that case)
18 merely confirms that the Film was made available "under license from Entertainment One." Case
19 No. 4:20-cv-1530, Dkt. 16-5, FAC Ex. 41. That adds nothing to Mahon's previous allegation that
20 Entertainment One "authorized giving [the Film] to 'Google.'" (Dkt. 16, FAC at ¶ 36). Nor does
21 his reliance on old evidence (from a separate case) showing that Google provided Mahon with
22 the contact information of an Entertainment One employee. *See* Case No. 4:20-cv-1530, Dkt. 16-
23 5, FAC Ex. 41.
24     Mahon also relies heavily on receipts from his own rentals of the Film on YouTube. But
25 those receipts, which were attached to the deficient FAC, merely show that Film was purchased
26 abroad, and that the payment (in Euros) was processed in Ireland. (Mot. at 5). Mahon now
27 latches on to fine print in the receipts stating "©[2016 / 2019] YouTube LLC 901 Cherry Ave,
28 San Bruno, CA 94066." (SAC at ¶ 32). But the inclusion of YouTube's corporate headquarters

address in the general copyright notice contained in YouTube's rental receipts sheds no light on any fact related to the distribution of the Film.

In a similar vein, Mahon attaches to his opposition brief a printout of a bank statement purportedly containing records of his 2016 rental of the Film on YouTube, arguing that it supports his allegation that Google exported the Film. Mahon's reliance on materials outside the pleadings is procedurally improper.[1] But his bank statement adds no relevant information in any event. It is substantially identical to the bank statement attached to his FAC (from his 2019 rental of the Film). Neither says anything pertinent about the rentals, stating only: "POS GOOGLE *YouT." (Dkt. 45-2; *see* Dkt. 16-5 at p. 159, FAC Ex. 33 ("POS GOOGLE YouTu")).

Accordingly, although the SAC now includes conclusory statements that Google "exported" the Film, it includes no new *facts* to render that statement plausible. Mahon previously alleged that Defendants "produced, reproduced, distributed, sold for profit and publicly displayed Plaintiff's copyright protected work with unauthorized derivatives that stemmed from the State of California."  (Dkt. 16, FAC at ¶ 48). Mahon now simply adds the word "exported" to that laundry list of accused activity, without pleading any facts about how or when that exportation allegedly occurred. (SAC at ¶ 50). But conclusory assertions alone cannot support a cause of action; Mahon must instead plead *facts* establishing a plausible claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"); *Blazhiev v. Ubisoft Toronto Inc.*, No. 17-cv-07160-EMC, 2018 WL 3417481, at *7 (N.D. Cal. July 13, 2018) (holding that allegation that defendants "used and are using Plaintiff's copyright work" was conclusory and lacking the factual content needed to state an infringement claim). Because Mahon relies on the same set of facts that show only that the "alleged act of infringement took place extraterritorially," (Dkt. 41 at 26), he has not stated a claim for copyright infringement.[2]

The Court should accordingly dismiss Plaintiff's copyright infringement claim in its

---

[1] Mahon also improperly attaches three other new exhibits to his opposition brief. *See* Dkt. No. 45-1.
[2] Mahon's request for jurisdictional discovery is misplaced. Google's motion raises no jurisdictional arguments. It is instead directed to whether Mahon has pleaded that Google took any act that could subject it to liability under the Copyright Act.

3

REPLY ISO DEFENDANTS' MOTION TO DISMISS
CASE NO. 4:20-cv-01525-YGR

entirety, with prejudice. *See, e.g.*, *Loos v. Immersion Corp.*, 762 F.3d 880, 890-91 (9th Cir. 2014) (affirming dismissal without leave to amend where "Plaintiff 'essentially re-pled the same facts and theories' in his amended complaint"); *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) ("[W]here the plaintiff has previously been granted leave to amend and has subsequently failed to add the requisite particularity to its claims, '[t]he district court's discretion to deny leave to amend is particularly broad.'").

### III.   CONCLUSION

For the foregoing reasons, Google respectfully requests that the Court dismiss the SAC, with prejudice, pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

DATED: October 14, 2020

MAYER BROWN LLP

By: */s/ A. John P. Mancini*

**MAYER BROWN LLP**
A. JOHN P. MANCINI
jmancini@mayerbrown.com
OLENA V. RIPNICK-O'FARRELL
oripnick-ofarrell@mayerbrown.com
1221 Avenue of the Americas
New York, NY, 10020-1001
Telephone: (212) 506-2500
Facsimile:  (212) 262-1910

GRAHAM (GRAY) BUCCIGROSS (234558)
gbuccigross@mayerbrown.com
Two Palo Alto Square, Suite 300
3000 El Camino Real
Palo Alto, CA  94306-2112
Telephone: (650) 331-2000
Facsimile:  (650) 331-2060

*Attorneys for Defendants Google LLC and YouTube LLC*