**MAYER BROWN LLP**
A. JOHN P. MANCINI *(pro hac vice)*
jmancini@mayerbrown.com
OLENA V. RIPNICK-O'FARRELL (*pro hac vice)*
oripnick-ofarrell@mayerbrown.com
1221 Avenue of the Americas
New York, NY, 10020-1001
Telephone: (212) 506-2500
Facsimile: (212) 262-1910

GRAHAM (GRAY) BUCCIGROSS (SBN 234558)
gbuccigross@mayerbrown.com
Two Palo Alto Square, Suite 300
3000 El Camino Real
Palo Alto, CA 94306-2112
Telephone: (650) 331-2000
Facsimile: (650) 331-2060

Attorneys for Defendants YouTube LLC
and Google LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

MARK MAHON,

Plaintiff,

v.

YOUTUBE LLC, et al.,

Defendants.

**CASE NO. 4:20-cv-01525-YGR**

**RELATED CASES:**
**2020-cv-01523**
**2020-cv-01525**
**2020-cv-01527**
**2020-cv-01530**
**2020-cv-01534**

**ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

Judge: Hon. Yvonne Gonzalez Rogers

Defendants YouTube LLC and Google LLC (collectively, "YouTube") answer the Second Amended Complaint ("SAC") filed by Mark Mahon ("Plaintiff").[1]

**GENERAL DENIAL**

Except as otherwise expressly admitted herein, YouTube denies each and every allegation set forth in the SAC, including, without limitation, any allegations set forth in the preamble, headings, subheadings or footnotes of the SAC, and specifically denies any liability to Plaintiffs. Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, allegations in the SAC to which no responsive pleading is required shall be deemed as denied. YouTube expressly reserves the right to seek to amend and/or supplement its Answer as may be necessary, including the right to assert and rely upon any additional defenses as may be discovered.[2]

**RESPONSE TO SPECIFIC ALLEGATIONS**

AND NOW, incorporating the foregoing, YouTube states as follows in response to the specific allegations in the SAC:

1. YouTube admits that this action purports to be a civil action arising under the Copyright Act of 1976.

2. YouTube admits that the Court has subject matter jurisdiction over copyright claims pursuant to 28 U.S.C. §§ 1331 1338(a).

3. Paragraph 3 of the SAC states a legal conclusion to which no response is required. To the extent a response is required, YouTube lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 3 and therefore denies those allegations.

---

[1] Plaintiff names "Google LLC, d/b/a YouTube" as a defendant in this case. As previously explained in this action, Google does not do business as YouTube, but rather, YouTube is Google's wholly-owned subsidiary. *See* Dkt. 29.

[2] Answers to each paragraph of the SAC are made by YouTube without waiving, but expressly reserving, all rights YouTube may have to seek relief by appropriate motions directed to the allegations in the SAC.

**VENUE**

4. Paragraph 4 of the SAC states a legal conclusion to which no response is required. To the extent a response is required, YouTube admits that it is subject to personal jurisdiction in this District for purposes of this action.

5. Paragraph 5 of the SAC states a legal conclusion to which no response is required.

**THE PARTIES**

6. YouTube lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 6 of the SAC and therefore denies those allegations.

7. YouTube admits that YouTube LLC is a Delaware company with a principle place of business in San Bruno, California. YouTube further admits that YouTube LLC's platform is an online platform on which users may view a wide variety of audiovisual works provided by a diverse group of content providers—including individual users and content distribution companies—and that it offers subscription channels; film rentals; and services including YouTube Music and YouTube Premium. YouTube denies the remaining allegations in Paragraph 7 of the SAC.

8. YouTube admits that YouTube LLC is a wholly owned subsidiary of Google LLC and that public records indicate that Google LLC purchased YouTube LLC in November 2006 for $1.65 billion. YouTube further admits that Google LLC is known as one of the “Big Four” technology company that specializes in a variety of internet-related products and services. YouTube denies the remaining allegations in Paragraph 8 of the SAC.

9. YouTube lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 9 of the SAC and therefore denies those allegations.

10. YouTube denies the allegations in Paragraph 10 of the SAC to the extent they are directed at YouTube LLC or Google LLC. YouTube further lacks sufficient knowledge and information to form a belief as to the truth of the allegations concerning other parties named in this action and therefore denies those allegations.

11. YouTube denies the allegations in Paragraph 11 of the SAC to the extent they are directed at YouTube LLC or Google LLC. YouTube further lacks sufficient knowledge and information to form a belief as to the truth of the allegations concerning other parties named in this action and therefore denies those allegations.

12. YouTube denies the allegations in Paragraph 12 of the SAC to the extent they are directed at YouTube LLC or Google LLC. YouTube further lacks sufficient knowledge and information to form a belief as to the truth of the allegations concerning other parties named in this action and therefore denies those allegations.

## BACKGROUND AND FACTUAL ALLEGATIONS

13. YouTube admits that Plaintiff purports to own the United States copyright rights to the film that is the subject matter of this action. YouTube lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations in Paragraph 13 of the SAC and therefore denies those allegations.

14. YouTube lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 14 of the SAC and therefore denies those allegations.

15. YouTube lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 15 of the SAC and therefore denies those allegations.

16. YouTube admits that Plaintiff purports to own the United States copyright rights to the film that is the subject matter of this action. YouTube lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations in Paragraph 16 of the SAC and therefore denies those allegations.

17. YouTube lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 17 of the SAC and therefore denies those allegations.

18. YouTube lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 18 of the SAC and therefore denies those allegations.

19. YouTube lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 19 of the SAC and therefore denies those allegations.

20. YouTube lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 20 of the SAC and therefore denies those allegations.

21. YouTube lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 21 of the SAC and therefore denies those allegations.

22. YouTube lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 22 of the SAC and therefore denies those allegations.

23. YouTube lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 23 of the SAC and therefore denies those allegations.

24. YouTube lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 24 of the SAC and therefore denies those allegations.

25. YouTube lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 25 of the SAC and therefore denies those allegations.

26. YouTube lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 26 of the SAC and therefore denies those allegations.

27. YouTube lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 27 of the SAC and therefore denies those allegations.

28. YouTube lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 28 of the SAC and therefore denies those allegations.

29. YouTube lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 29 of the SAC and therefore denies those allegations.

30. YouTube lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 30 of the SAC and therefore denies those allegations.

31. YouTube lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 31 of the SAC and therefore denies those allegations.

32. YouTube lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 32 of the SAC and therefore denies those allegations.

33. YouTube lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 33 of the SAC and therefore denies those allegations.

34. YouTube admits that in December 2019, it received a package from Plaintiff dated December 12, 2019, that included a letter from Plaintiff accusing Google of copyright infringement; a letter from Moore Chartered Accountants setting forth certain financial information relating to the film at issue in this action and expressly stating that they had not been instructed to carry out a final audit and "do not therefore, express any opinion on the financial information provided;" and a supplementary registration form from the United States Copyright Office alleging an error in the original copyright registration that includes a stamp from Comyn Kelleher Tobin Solicitors dated December 10, 2019, and stating "We certify that the within document is a true copy of the original."

35. With respect to the first sentence of Paragraph 35 of the SAC, YouTube admits that the YouTube Legal Support Team sent Plaintiff an email on January 2, 2020, stating as follows: "If you believe you hold the copyright to the content in question, you may wish to file a copyright complaint. To learn more about how to file a copyright complaint, please visit http://www.youtube.com/t/dmca_policy." YouTube lacks sufficient knowledge and information to form a belief as to the truth of the allegations in the second sentence of Paragraph 35.

36. YouTube lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 36 of the SAC and therefore denies those allegations.

37. YouTube lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 37 of the SAC and therefore denies those allegations.

38. YouTube lacks sufficient knowledge and information to form a belief as to the truth of the allegations in the first sentence of Paragraph 38 of the SAC. With respect to the second sentence of Paragraph 38, YouTube admits that on January 24, 2020, the YouTube Legal Support Team received an email from Plaintiff that stated as follows: "Thank you for your email. Do you have a contact in the YouTube Legal Team who I can contact directly, as the YouTube

link is no good. Further, YouTube were still selling my motion picture and still violated my copyright which I need to be compensated for."

39. YouTube admits that on January 26, 2020, the YouTube Legal Support Team sent Plaintiff an email stating as follows: "If you believe you hold the copyright to the content in question, you may wish to file a copyright complaint. To learn more about how to file a copyright complaint, please visit http://www.youtube.com/t/dmca_policy."

40. YouTube admits that this action was filed against it on March 2, 2020.

41. YouTube admits that on March 24, 2020, Graham Marc Buccigross filed a Notice of Appearance on behalf of YouTube in this action.

42. YouTube admits that on March 24, 2020, Plaintiff filed a First Amended Complaint in this action.

43. YouTube admits that on April 15, 2020, it filed a Motion to Dismiss Plaintiffs' First Amended Complaint (the "Motion to Dismiss").

44. YouTube admits that on April 23, 2020, this action was reassigned to Judge Yvonne Gonzalez Rogers.

45. YouTube admits that on April 29, 2020, Plaintiff filed an Opposition to YouTube's Motion to Dismiss.

46. YouTube admits that on May 6, 2020, it filed a Reply in support of its Motion to Dismiss.

47. YouTube admits that on August 7, 2020, in an Omnibus Order, the Court granted its Motion to Dismiss and further denied Plaintiff leave to amend the right of the author claims, finding that any such amendment would be futile.

## FIRST CLAIM FOR RELIEF

**Copyright Infringement – 17 U.S.C. § 106, *et seq.***

**(Direct, Contributory[3] Against All Defendants)**

[3] On November 17, 2020, the Court dismissed Plaintiff's contributory infringement claim against YouTube with prejudice. (Dkt. 49).

48. Paragraph 48 of the SAC states a legal conclusion to which no response is required.

49. Paragraph 49 of the SAC states a legal conclusion to which no response is required. To the extent a response is required, YouTube lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 49 and therefore denies those allegations.

50. Paragraph 50 of the SAC states a legal conclusion to which no response is required. To the extent a response is required, YouTube lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 50 relating to any other person or entity other than YouTube and therefore denies those allegations, and it denies the remaining allegations in Paragraph 50.

51. Paragraph 51 of the SAC states a legal conclusion to which no response is required. To the extent a response is required, YouTube denies the allegations in Paragraph 51.

52. Paragraph 52 of the SAC states a legal conclusion to which no response is required. To the extent a response is required, YouTube denies the allegations in Paragraph 52.

53. Paragraph 53 of the SAC states a legal conclusion to which no response is required. To the extent a response is required, YouTube denies the allegations in Paragraph 53.

54. The first sentence of Paragraph 54 of the SAC states a legal conclusion to which no response is required. To the extent a response is required, YouTube denies the allegations in the first sentence of Paragraph 54. With respect to the second sentence of Paragraph 54, YouTube lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 54 relating to any other person or entity other than YouTube and therefore denies those allegations, and it denies the remaining allegations in Paragraph 54. YouTube further denies that Plaintiff is entitled to any relief.

55. Paragraph 55 of the SAC states a legal conclusion to which no response is required. To the extent a response is required, YouTube denies the allegations in Paragraph 55. YouTube further denies that Plaintiff is entitled to any relief.

**PRAYER FOR RELIEF**

56. YouTube denies that Plaintiff is entitled to any relief.

57. YouTube denies that Plaintiff is entitled to any relief.

58. YouTube denies that Plaintiff is entitled to any relief.

59. YouTube denies that Plaintiff is entitled to any relief.

60. YouTube denies that Plaintiff is entitled to any relief.

**ADDITIONAL DEFENSES**

YouTube sets forth below its additional defenses. Each defense is asserted as to all claims asserted against YouTube. By setting forth these additional defenses, YouTube does not assume the burden of proving any fact, issue or element of a claim where such burden properly belongs to Plaintiff.

As separate additional defenses, YouTube alleges as follows:

**FIRST DEFENSE**

This action is barred, in whole or in part, because the SAC fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

This action is barred, in whole or in part, because Plaintiff lacks standing to assert the claims alleged in this action.

**THIRD DEFENSE**

Plaintiff's claims are barred, in whole or in part, because Plaintiff lacks standing under Article III of the United States Constitution.

**FOURTH DEFENSE**

Plaintiff's claims are barred, precluded, and/or limited by the applicable statute of limitation.

**FIFTH DEFENSE**

This action is barred, in whole or in part, because to the extent Plaintiff is covered by 17 U.S.C. § 411 and has not complied with its requirements, Plaintiff lacks standing to pursue the

claims for relief alleged in the SAC.

**SIXTH DEFENSE**

This action is barred, in whole or in part, because to the extent Plaintiff is covered by 17 U.S.C. § 411 and has not complied with its requirements, this Court lacks subject matter jurisdiction over the claims for relief alleged in the SAC.

**SEVENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

**EIGHTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, abandonment, and/or forfeiture.

**NINTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

**TENTH DEFENSE**

This action is barred, in whole or in part, because Plaintiff has not suffered any damage or injury as a result of any alleged act or conduct by YouTube.

**ELEVENTH DEFENSE**

Plaintiff's claim is barred, in whole or in part, to the extent that its purported copyright registrations is invalid and/or has not been properly obtained.

**TWELFTH DEFENSE**

Plaintiff's claims is barred, in whole or in part, to the extent that Plaintiffs is not the legal or beneficial owner of the copyrights at issue.

**THIRTEENTH DEFENSE**

This action is barred, in whole or in part, because, to the extent Plaintiff has not complied with 17 U.S.C. § 412, Plaintiff is not entitled to recover statutory damages or attorneys' fees in connection with any of the claims for relief alleged in the SAC.

**FOURTEENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because Plaintiff's damages, if any, were caused by independent, intervening and/or superseding events beyond the control of YouTube and unrelated to YouTube's alleged conduct.

**FIFTEENTH DEFENSE**

Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

**SIXTEENTH DEFENSE**

Plaintiff's claims are barred in whole or in part because the allegedly infringing use of the works at issue was licensed or otherwise authorized by persons or entities with the right to license or authorize such use.

**SEVENTEENTH DEFENSE**

Without any admission by YouTube that Plaintiff suffered injury in any way, to the extent that Plaintiff did suffer such injury, his claims are barred in whole or in part because Plaintiff failed to use reasonable means to prevent the alleged damage and failed to use reasonable means to mitigate any damages.

**EIGHTEENTH DEFENSE**

Plaintiff's claim for attorneys' fees is barred because it lacks any basis in law or contract.

**NINETEENTH DEFENSE**

Answers to each Paragraph of the SAC are made by YouTube without waiving, but expressly reserving, all rights YouTube may have to seek relief by appropriate motions directed to the allegations in the SAC.

YouTube has insufficient knowledge or information upon which to form a belief as to whether it may have additional yet unstated defenses. YouTube reserves the right to assert any additional defenses as may be discovered during the conduct of this litigation, and further reserves the right to amend this Answer and assert all such defenses.

DATED: December 23, 2020

MAYER BROWN LLP

By: */s/ A. John P. Mancini*

**MAYER BROWN LLP**
A. JOHN P. MANCINI
jmancini@mayerbrown.com
OLENA V. RIPNICK-O'FARRELL
oripnick-ofarrell@mayerbrown.com
1221 Avenue of the Americas
New York, NY, 10020-1001
Telephone: (212) 506-2500
Facsimile: (212) 262-1910

GRAHAM (GRAY) BUCCIGROSS (234558)
gbuccigross@mayerbrown.com
Two Palo Alto Square, Suite 300
3000 El Camino Real
Palo Alto, CA 94306-2112
Telephone: (650) 331-2000
Facsimile: (650) 331-2060