1

2

3

4

5

6

7

8

9

10

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

11

12

13

14

15

16

MARK MAHON,

          Plaintiff,

    v.

YOUTUBE LLC, et al.,

          Defendants.

Case No. 20-cv-01525-YGR (LB)

**DISCOVERY ORDER**

Re: ECF No. 86

17     The parties dispute the terms of the protective order in this case. (The trial court stayed

18 discovery in the related cases and referred discovery in the captioned case to the undersigned.[1])

19 The plaintiff, an independent filmmaker based in Ireland, claims that the defendants violated his

20 copyrights in a motion picture and screenplay called Strength and Honor.[2] The defendants propose

21 using the district's Model Order for Litigation Involving Patents, Highly Sensitive Confidential

22 Information and/or Trade Secrets (with some modifications). The plaintiff objects to some

23 provisions.[3] The court can decide the dispute without a hearing. N. D. Cal. Civ. L. R. 7-1(b). The

24 court largely adopts the defendants' proposal by disallowing the plaintiff's proposed redline

25

26 [1] Disc. Letter Br. – ECF No. 86; Min. Entry – ECF No. 87. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

27 [2] Omnibus Order – ECF No. 41 at 1–2.

28 [3] Disc. Letter Br. – ECF No. 86 at 1–5.

ORDER – No. 20-cv-01525-YGR (LB)

United States District Court
Northern District of California

1    revisions (Ex. 2) to the defendants' proposal (Ex. 1). In other words, the court adopts the model

2    order with only the parties' agreed-to modifications.

3        First, the defendants represent that discovery will involve confidential information.[4] In like

4    cases, the court generally authorizes the order but expects that the defendants will not designate

5    information inappropriately. Any disputes can be raised with the court under its standard

6    discovery procedures (set forth below).

7        Second, the district's model order is presumptively reasonable, as the defendants point out.[5]

8    Three provisions are in dispute here: 2.6, 7.4, and 12.3. Section 2.6's prohibition against retaining

9    as an expert "a past or current employee of a Party or of a Party's competitor" protects the

10   defendants' interest in avoiding a competitor's access to their information. Section 7.4's

11   requirement that parties identify their experts before they share highly confidential information

12   with them protects the same interest.[6] Section 12.3 is the order's optional Export Control provision

13   and provides that the parties will comply with the laws governing the export of technical data.

14   The producing party has the burden of identifying any data subject to export-control requirements.

15   Google's and Apple's platforms are at issue, and the effect of the provision is that they must

16   identify any protected material subject to export-control requirements. The effect of the provision

17   for the plaintiff is that he must confirm that he will comply with the law.[7] Again, if there are

18   disputes along the way, the parties can raise them with the court.

19       Third, the court cannot easily identify the defendants' alterations to the model order because

20   they did not submit a redline version.[8] On this record, the court will not alter the language of the

21   model order unless the parties agree to the alterations.

22

23

24

25   [4] *Id.* at 2.

     [5] *Id.* at 2 (collecting cases).

26   [6] *Id.* at 2–3 (collecting cases).

27   [7] *Id.* at 3.

28   [8] Ex. 1. to Disc. Letter Br. – ECF No. 86-1 (Defendants' Proposed Protective Order); Ex. 2. to Disc. Letter Br. – ECF No. 86-2 (Plaintiff's Redlines to Defendants' Proposed Protective Order).

United States District Court
Northern District of California

1    This resolves the dispute in ECF No. 86. For future disputes, the parties must comply with the

2   undersigned's standing order (attached). The dispute procedures in it require, among other things,

3   that if a meet-and-confer by other means does not resolve the parties' dispute, lead counsel for the

4   parties must meet and confer in person (if counsel are local) and then submit a joint letter brief

5   with information about any unresolved disputes. The letter brief must be filed under the Civil

6   Events category of "Motions and Related Filings > Motions – General > Discovery Letter Brief."

7   After reviewing the joint letter brief, the court will evaluate whether future proceedings are

8   necessary, including any further briefing or argument.

9    **IT IS SO ORDERED**

10    Dated: February 16, 2022

11    _____

12    LAUREL BEELER
      United States Magistrate Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California