

O'Melveny & Myers LLP
Two Embarcadero Center
28th Floor
San Francisco, CA 94111-3823

T: +1 415 984 8700
F: +1 415 984 8701
omm.com

File Number:

March 27, 2023

**David R. Eberhart**
D: +1 415 984 8808
deberhart@omm.com

<u>VIA ECF</u>

Hon. Magistrate Judge Laurel Beeler
San Francisco Courthouse, Courtroom B –
15th Floor
450 Golden Gate Ave.
San Francisco, CA 94102

***Re:*** ***Mark Mahon, an individual v. Apple Inc. et al.*, No. 4:20-cv-01534 (N.D. Cal.) and *Mark Mahon, an individual v. YouTube, LLC et al.*, No. 4:20-cv-01525 (N.D. Cal.) – Discovery Letter Brief**

To the Hon. Magistrate Judge Beeler:

Pursuant to Your Honor's Standing Order, Apple Inc. ("Apple"), Google LLC and its wholly owned subsidiary YouTube, LLC (collectively, "Google") and Plaintiff Mark Mahon, an individual, submit this letter brief regarding disputes about Plaintiff's discovery responses. Lead counsel for the parties met and conferred telephonically[1] on March 22, 2023 for over an hour, but were unable to resolve their disputes. To avoid duplication, Apple and Google (together, "Defendants") coordinated their meet and confer efforts and submit this letter jointly.

These cases concern Mr. Mahon's allegations that Defendants infringed his copyrights in the film *Strength and Honour* (the "Film"). A central issue in these cases—and in many of Defendants' disputed discovery requests—is whether and when Mr. Mahon became the owner of copyrights in the Film. Mr. Mahon is listed as the owner of the copyright registration for the screenplay in 2006 and his wholly owned company Maron Pictures Ltd. ("Maron Pictures"), was listed as copyright owner in the registration filed in 2008 for the motion picture (in what Mr. Mahon claims was an error), and Maron Pictures entered licensing agreements that, through a series of additional agreements, ultimately licensed Defendants to offer the Film. However, Mr. Mahon alleges that he revoked Maron Pictures' rights and reclaimed the copyrights from Maron Pictures in 2015. Plaintiff is also listed on a 2017 copyright registration for the film. He now asserts those copyrights against Defendants in his individual capacity.

### 1. <u>Documents of Mr. Mahon's Companies (Apple RFPs 1-6; Google RFPs 1-6, 8-11)</u>

---

[1] The parties did not confer in person because Mr. Mahon resides in Ireland and states he cannot enter the United States.



**Issue:** Defendants sought various categories of documents that relate to the copyright assignment agreements between Mahon and Maron Pictures, and the alleged revocation thereof. Mr. Mahon declines to produce responsive documents on the grounds that they are possessed by Maron Pictures rather than by him personally. He also declined in the meet and confer to produce (1) agreements entered by Maron Pictures bearing on the alleged revocation (the "Production, Finance and Distribution Agreement" and the "Share Purchase Agreement"), (2) notes, drafts, and communications related to those agreements, (3) notes, drafts, and communications related to the original agreements by which he assigned his copyrights to Maron Pictures (the "Agreement to Acquire Literary Rights" (Ex. B) and the "Agreement to Acquire Authorship Rights" (Ex. C)) and alleged revocation of his agreements, and (4) communications with the Copyright Office relating to the alleged revocation. Although he subsequently committed to search for those materials, including in the files of his *personal* accountants and lawyers, the parties dispute the full scope of where Mr. Mahon must search for responsive materials of Maron Pictures.

**Defendants' Position**: Mr. Mahon has not committed to produce all responsive documents in his possession, custody, or control, because he has not committed to producing documents possessed by Maron Pictures, by its lawyers, or by its accountants (as opposed to Mr. Mahon's personal lawyers or accountants).[2] That is insufficient because Mr. Mahon has confirmed that he turned over documents of Maron Pictures to "accountants," and may have also turned them over to "lawyers," but he has not confirmed *which* lawyers and accountants (e.g., for the company or for himself in his personal capacity). Mr. Mahon has also confirmed that he has access to the Maron Pictures email account, but has not agreed to search that account for responsive documents.

Maron Pictures' documents and communications are undisputedly in Mr. Mahon's possession, custody, or control. Despite Mr. Mahon's objections, "[l]egal ownership of the documents" is not determinative. *Allen v. Woodford*, 2007 WL 309945, at *2 (E.D. Cal. Jan. 30, 2007). Instead, Mr. Mahon "must allow discovery" of documents in his physical possession, "even if the documents belong to someone else." *Id*. And he must also produce the documents he otherwise "controls," which include the documents he has the "legal right" to obtain on demand, such as those in the possession of his agents and attorneys. *Id.*; *Axler v. Sci. Ecology Grp.*, 196 F.R.D. 210, 212 (D. Mass. 2000).

Mr. Mahon has both actual possession and control over Maron Pictures' documents. Mr. Mahon confirmed that he wholly owns and is a director and officer of Maron Pictures (Ex. H); that "the entire concept from creation to . . . finishing [the Film] is all [him]"; that he "created and also financed all of my operations" (Ex. D at 2); and that only he can access Maron Pictures' email account. *See, e.g.*, *Inland Concrete Enters. v. Kraft Ams. LP*, 2011 U.S. Dist. LEXIS 162794, at *8-9 (C.D. Cal. Feb. 3, 2011) ("[A]n individual party to a lawsuit can be compelled to produce relevant information and documents relating to a non-party corporation of which [he] is an officer, director or shareholder."); *Usens, Inc. v. Chi*, 2019 U.S. Dist. LEXIS 244175, at *5 (N.D. Cal. Apr. 24, 2019*)* (compelling corporate officer to produce documents of corporation). Mr.

---

[2] For communications with the Copyright Office, Mr. Maron has stated that he will produce responsive documents from "lawyers for Maron Pictures."



Mahon also has control over his accountant and attorneys and must demand a search by those parties for responsive documents. *See Inland*, 2011 U.S. Dist. LEXIS 162794, at *8 ("The requisite relationship is one where a party can order the person or entity in actual possession of the documents to release them.").

Contrary to Mr. Mahon's arguments, this motion is timely. *See* Civil L. R. 37-3 ("no motions to compel discovery may be filed more than 7 days after the discovery cut-off"). His arguments also ignore that discovery was stayed in this matter for a significant period of time, and that he himself filed a motion to compel just three weeks ago. *See* Case No. 4:20-cv-1525, Dkt. 103.

Defendants' Proposal: Order requiring Mr. Mahon to search for and produce all documents responsive to Apple's RFPs 1-6 and Google RFPs 1-6, and 8-11 in his possession, custody, or control, including his own files, files of Maron Pictures and from Maron Pictures' email accounts, and from his *and* Maron Pictures' accountants, attorneys or other representatives.

**Mr. Mahon's Position**: Plaintiff submits that Defendants are completely misrepresenting the facts, micro-splitting words and abusing their position in this matter. The copyright assignment agreements between Plaintiff and Maron Pictures, the notice of revocation, copyright certificates of registration are clearly part of the record. Even Defendants statement of the opening issue is misrepresented, as Plaintiff has produced hundreds of documents. Plaintiff *agreed* on the meet and confer that he would go back to his accountants and attorneys, which he did do on March 23, 2023 and asked them to go through their records, which they are presently doing. Defendants are also looking for documents from over 17 years ago. Apple also wrote to Plaintiff on March 23, 2023 and asked him to reconsider the issues (Ex. I), which Plaintiff wrote back on March 24, 2023, updated on March 25, 2023 and stated that he would reconsider the issues. *See* Ex. J. Accordingly, Plaintiff has *repeatedly* asked for a continuance of the issues Defendants raised and for the common courtesy of a week to allow the relative parties to respond to Plaintiff's requests. By Defendants *not* extending that courtesy to Plaintiff and to now seek an order on an issue after Plaintiff has taken steps to do on March 23, 2023, is *abusing their position* and respectfully submits, they are *abusing this courts time and resources* too. *See* Ex. K at 1, 2, 3, 4, 5, 6, 7, 8.

Further, Apple only presented these issues to Plaintiff over *531* days after being served Plaintiff's First Set of Interrogatories and Requests for Production on October 1, 2021; over *88* days after the Amended Responses to Requests for Production on December 18, 2022; and Google only presented these issues over *95* days after being served Plaintiff's Requests for Production and Interrogatories on December 15, 2022; Accordingly, Defendants issues with Plaintiff's First Set of Interrogatories and Requests for Production are now *untimely*, and should not be entertained by this Court. Thus, the untimeliness of a motion to compel "is sufficient ground, standing alone, to deny a discovery motion." *KST Data, Inc. v. DXC Tech. Co*., 344 F. Supp. 3d 1132, 1136 n.1 (C.D. Cal. 2018) (quoting *Williams v. Las Vegas Metro. Police Dept.,* 2015 WL 3489553 at *1 (D. Nev. June 3, 2015)). Indeed, courts "will often deny Rule 37(a) motions because the moving party delayed too long." 8B Charles Alan Wright, Arthur R. Miller, & Richard L. Marcus, Federal Practice & Procedure, § 2285 (3d ed. Supp. 2019) (collecting cases). Google had stayed the discovery dispute in July '21 that was filed three weeks ago. Plaintiff never agreed to stay any discovery disputes with Defendants, which just appeared now.



Defendants have also bundled the respective RFPs in together, intentionally to cause further confusion when there is none. *See* Ex. L at 3 and 4. To date, Plaintiff has also produced over 603 documents for Apple, and over 1,248 documents for Google, but he is still endeavoring to produce more, as his own investigations are still ongoing, despite Defendants now seeking discovery from 'non-parties', which have nothing to do Plaintiff's *copyright* claim. Moreover, under California law, a legal entity is separate and apart from its individual members. *See PacLink Communications Internat, Inc. v. Superior Court* (2001) 90 Cal.App.4th 958, 963; and *Grosset v. Wenaas* (2008) 42 Cal.4th 1100, 1108. Despite this, Plaintiff has still endeavored to be cooperative with Defendants and also undertook to supplement his answers to his first set of interrogatories and requests for production when his accountants and lawyers revert to him on the issues. *See* Ex. J at 2.

Plaintiff's Proposal: Plaintiff is prepared to follow through with what he undertook to follow up on. However, in the interest of fairness, the Court should now issue an order denying Defendants dispute requests too, as untimely.

2. **Documents and Communications Relating to the Sales Agency Agreement between Maron Pictures and Mainsail (Apple RFP 2; Google RFP 4)**

**Issue:** Defendants requested all documents related to the Maron Pictures-Mainsail Sales Agency Agreement, including negotiations, drafts, contemporaneous notes, and emails. Mr. Mahon has not produced the Agreement, drafts, or notes, and has produced few responsive emails.

**Defendants' Position**: Maron Pictures' agreement and communications with Mainsail[3], a distributor of the Film, are relevant to whether and when Mainsail had rights to use the Film and what information Mainsail was provided, if any, about the Assignment Agreement and Mr. Mahon's right of revocation. Mr. Mahon asserts that he "does not recognize the agreement" (Ex. A at 11; Ex. G at 16) and that the agreement is irrelevant because it was "voided" (Ex. D at 3). Mr. Mahon's legal position on the validity of the Sales Agency Agreement has no bearing on his production obligations.

Although Mr. Mahon committed, on March 27, 2023, to "search for and produce all responsive communications and emails in relation to Mainsail," Mr. Mahon has not committed to produce the Sales Agency Agreement itself, or drafts or notes related to that agreement. Moreover, as noted in Section 1, he has not agreed to produce responsive documents if they are in the files of Maron Pictures.

Defendants' Proposal: Order requiring Mr. Mahon to search for and produce all documents responsive to Apple's RFP 2 and Google's RFP 4, including the Sales Agency Agreement, negotiation documents, drafts, notes, and emails, in his possession, custody, or control (as defined above).

---

[3] Case no. 4:20-cv-01523-YGR names Mainsail LLC.; Shoreline Entertainment, Inc.; Sam Eigen; and Morris Ruskin.



**Mr. Mahon's Position**: Plaintiff once again agreed on the meet and confer that he would go back to his accountants, which he did do on March 23, 2023, as stated in the aforementioned. Plaintiff has also *repeatedly* asked for a continuance of the issues but Defendants refused this courtesy. Equally, Plaintiff is prepared to provide further emails he has on a non-prejudicial basis. However, it is clear that Defendants just want to file the discovery dispute by not extending Plaintiff the courtesy to allow him to address some of their issues. *See* Ex. K at 5. Moreover, Defendants are seeking an agreement going back to 2009 between Maron Pictures and Mainsail that was argued in California State Court in 2016 by Mainsail that it was unenforceable, which they won. This was also affirmed on appeal. Moreover, this agreement did not cover America or Ireland anyway. *See* Declaration of Sam Eigen before the Court. *See* Ex. M at 1, ¶6. Therefore, because the agreement was declared unenforceable and is not applicable to the United States, this is outside the scope of discovery. However, Plaintiff will still provide further communications as a courtesy.

Plaintiff's Proposal: The Court should not order Plaintiff to search for and produce all documents in his possession, custody, or control, as Plaintiff has already done this and has already committed to do it for his companies to Defendants.

3. **Document Withheld Based on Assertion of Privilege**

**Issue:** Mr. Mahon withheld an email that Defendants dispute is privileged.

**Defendants' Position**: Mr. Mahon's privilege log (Ex. E) lists an email from Mr. Mahon's attorney to an adverse party, Sam Eigen. Because it was sent to an adverse party, it cannot be a confidential attorney-client communication or work product.[4]

Defendants' Proposal: Order requiring Mr. Mahon to produce the foregoing document.

**Mr. Mahon's Position**: Plaintiff requires the email between his attorney and Sam Eigen be withheld under the work-doctrine, as disclosing it could give an incorrect impression without the context of Plaintiff's other evidence. In this email, Plaintiff's attorney confirms to Eigen that Maron Pictures is in agreement about terminating the agreement, which did not cover America or Ireland. Although, there was is an issue with the Republic of Ireland at the time too, Maron Pictures was prepared to overlook this but wanted the counterfeit cover artwork corrected, which never happened anyway. Accordingly, the issue remained. Secondly, in relation to Plaintiff's letter to Niall Byrne, Plaintiff inadvertently redacted the original that was making reference to a previous communication of March 28, 2016 in error, which Plaintiff has now provided to Defendants anyway. (MARKMAHON_000417; MARKMAHON_TO_GOOGLE_000822.) However, Plaintiff will agree to search for an unredacted version.

---

[4] Mr. Mahon committed after the meet and confer to produce an unredacted version of a letter to Niall Byrne that he had previously redacted on the grounds of privilege and declined to unredact. *See* Ex. F.

Sincerely,[5]

*/s/ David E. Eberhart*
David E. Eberhart
of O'MELVENY & MYERS LLP
Attorney for Apple Inc.

/s/ *A John P. Mancini*_____
A. JOHN P. MANCINI
(admitted *pro hac vice*)
jmancini@mayerbrown.com
MAYER BROWN LLP
1221 Avenue of the Americas
New York, NY, 10020-1001
Telephone: (212) 506-2500
Facsimile: (212) 262-1910
*Attorney for Defendants YouTube LLC and Google LLC*


*/s/ Mark Mahon*
Mark Mahon
Plaintiff, Pro se

---

[5] Pursuant to Civil Local Rule 5-1(h)(3), the filer of this document attests that concurrence in the filing has been obtained by all signatories.