

O'Melveny & Myers LLP
Two Embarcadero Center
28th Floor
San Francisco, CA 94111-3823

T: +1 415 984 8700
F: +1 415 984 8701
omm.com

File Number:

April 7, 2023

**David R. Eberhart**
D: +1 415 984 8808
deberhart@omm.com

<u>VIA ECF</u>

Hon. Magistrate Judge Laurel Beeler
San Francisco Courthouse, Courtroom B
450 Golden Gate Ave., 15th Floor
San Francisco, CA 94102

*Re:* *Mark Mahon, an individual v. Apple Inc. et al.*, No. 4:20-cv-01534 (N.D. Cal.) and *Mark Mahon, an individual v. YouTube, LLC et al.*, No. 4:20-cv-01525 (N.D. Cal.) – Discovery Letter Brief

To the Hon. Magistrate Judge Beeler:

Pursuant to Your Honor's Standing Order, Apple Inc. ("Apple") and Google LLC and its wholly owned subsidiary YouTube, LLC (collectively, "Google") submit this letter brief regarding certain discovery disputes. This brief concerns categories of documents that Apple and Google (collectively, "Defendants") contend Plaintiff agreed to produce to narrow the disputes remaining after the parties' March 22nd meet and confer; Plaintiff contends his agreement was conditional on defendants not filing their March 27, 2023 Letter Brief (Dkt. 99 in *Mahon v. Apple Inc. et al.*) ("Dkt. 99") and now refuses to produce those categories of documents. Plaintiff declined to participate in this briefing; it is therefore submitted on behalf of only Defendants.

On March 31, Plaintiff stated that he would not complete the search and production of the documents referenced below unless defendants withdrew Dkt. 99. (Ex. N at 4-7). Defendants declined to withdraw Dkt. 99, because the issues raised in that letter remain unresolved. Mr. Mahon made a further production of 54 documents on April 3; except as specifically discussed below, that production does not moot the issues raised in Dkt. 99 or herein.

On April 3, Defendants advised Mr. Mahon that they would begin preparing a draft letter brief addressing the issues raised below. On April 5, Defendants provided a draft letter brief to Mr. Mahon. Mr. Mahon declined to insert his positions. The fact discovery cutoff is April 28.

### 4. <u>Agreements Related to Alleged Revocation of Copyright Assignments and Related Documents and Communications (Apple RFPs 1-6; Google RFPs 1-6, 8-11)</u> [1]

---

[1] To avoid duplicative filings and for ease of review, the issues and exhibits in this brief are numbered sequentially following categories 1-3 and Exhibits A-M from Dkt. 99. Exhibits A-M reference the exhibits to Dkt. 99.



**Issue:** Mr. Mahon sues personally on copyrights he allegedly reclaimed from an entity named Maron Pictures. Mr. Mahon asserts the right to reclaim the copyrights due to non-payment under the "Agreement to Acquire Literary Material" and "Agreement to Acquire Authorship Rights." (Exs. B & C, the "Assignment Agreements.") Each of those agreements provides that he is to be paid "in accordance with the terms of the related Production, Finance and Distribution agreement ("PFDA")…and the Share Purchase Agreement ("SPA")." Mr. Mahon has not produced (1) the PFDA or SPA; (2) notes, drafts, and communications related to the Assignment Agreements or their negotiation; or (3) documents or communications related to the performance or revocation of the PFDA, SPA, or Assignment Agreements.

**Defendants' Position**: The Assignment Agreements, PFDA, and SPA and related documents are highly relevant: the assignment of copyrights to Maron Pictures and alleged revocation of that assignment bear on whether and when Mr. Mahon became the owner of the disputed copyrights in the film. Maron Pictures' payment obligations under the assignment agreements assigning to Maron Pictures the copyrights were set forth in the expressly "related" PFDA and SPA that Maron Pictures also entered (Ex. B at 6-7; Ex. C at 4-5). While Mr. Mahon previously objected that the PFDA and SPA are now "void" and "no longer applicable," Ex. G at 12-14, Mr. Mahon's contentions regarding the agreements' legal effect are not grounds to refuse production. Indeed, Mr. Mahon *confirmed* in Dkt. 99 that he "agreed on the meet and confer that he would go back to his accountants and attorneys, which he did do on March 23, 2023 and asked them to go through their records, which they are presently doing," Dkt. 99 at 3, but has since stated that his commitment to *produce* the fruits of those searches was conditional. (Ex. N at 3-6.) He took no such position in Dkt. 99, which memorialized that commitment. (Dkt. 99 at 2-4.)

After March 23rd, Mr. Mahon produced only three documents from his accountants, each of which was generated in the last several months. Those recent documents do not resolve the dispute: the assignments date to 2006, and the PFDA and SPA existed by at least that time. (Exs. B & C.) On April 3, 2023, Mr. Mahon filed a motion for sanctions (Dkt. 100) with a declaration from Sheridan Mahon stating that the PFDA and SPA were "disposed of." (Dkt. 100-2, ¶ 6.) Even if no copies of those agreements remain, Mr. Mahon should produce all related notes, drafts and communications, as Defendants' requests require.

Mr. Mahon must produce all responsive documents in the possession of his personal lawyers or accountants. Such documents are in Mr. Mahon's possession, custody, or control. *See Inland Concrete Enters. v. Kraft Ams. LP*, 2011 U.S. Dist. LEXIS 162794, at *8 (C.D. Cal. Feb. 3, 2011) ("The requisite relationship is one where a party can order the person or entity in actual possession of the documents to release them."). Mr. Mahon concedes that he has such a relationship with his personal lawyers and accountants. (Dkt. 99 at 3.)

<u>Defendants' Proposal</u>: Order requiring Mr. Mahon to search for and produce all documents responsive to Apple's RFPs 1-6 and Google RFPs 1-6, and 8-11 in his possession, custody, or control, whether in his own files or those of his personal accountants, attorneys or other representatives, including: (1) the Assignment Agreements, PFDA, and SPA; (2) notes, drafts, and communications related to those agreements or their negotiation, and (3) any document related to the alleged revocation of these agreements.



5. **Communications Relating to the Sales Agency Agreement between Maron Pictures and Mainsail (Apple RFP 2; Google RFP 4)**

**Issue:** Defendants requested all documents related to the Maron Pictures-Mainsail Sales Agency Agreement, including negotiations, drafts, contemporaneous notes, and emails. In Dkt. 99, Defendants limited their request for relief based on Mr. Mahon's commitment to "search for and produce all responsive communications and emails in relation to Mainsail" (Ex. N at 7-8; Dkt. 99 at 4). Thereafter, Mr. Mahon stated that his commitment was conditional (Ex. N at 3-6).

**Defendants' Position**: Communications with Mainsail, a distributor of the Film, are relevant to whether and when Mainsail had rights to use the Film and what information Mainsail was provided, if any, about the Assignment Agreement and Mr. Mahon's right of revocation. After March 22nd, Mr. Mahon produced additional communications with Mainsail, but none regarding the drafting or negotiation of the Sales Agency Agreement. Nor has Mr. Mahon stated that he searched for and produced all responsive communications that exist, including in the files of his personal accountants, attorneys or other representatives.

Defendants' Proposal: Order requiring Mr. Mahon to search for and produce all communications that are responsive to Apple's RFP 2 and Google's RFP 4 in his possession, custody, or control, including those in the files of his personal accountants, attorneys or other representatives.[2]

6. **Communications with the Copyright Office (Apple RFPs 4-6; Google RFPs 9-11)**

**Issue:** Defendants requested documents relating to Mr. Mahon's copyright registrations, including any communications with the Copyright Office purporting to transfer the copyrights. Mr. Mahon committed to "search and produce all responsive documents in my possession, custody and control for the Copyright office, including my accountants and lawyers for Maron Pictures." (Ex. N at 7-8.) He later claimed that this commitment was conditional. (*Id.* at 3-6.)

**Defendants' Position**: Mr. Mahon filed a "correction" of the copyright owner in 2017 stating that he made a "filing error" when he placed his company name where his name should have been placed. This is inconsistent with his claim that he revoked the assignment to his company. His communications with the Copyright Office regarding his copyright registrations and the alleged correction are relevant to his claimed ownership of the asserted copyrights.

Defendants' Proposal: Order requiring Mr. Mahon to search for and produce communications with the U.S. Copyright Office related to the copyright registrations in the Film, including in his and Maron Pictures' files, as well as their attorneys, accountants, and other representatives

7. **Document Withheld Based on Assertion of Privilege**

---

[2] Defendants recognize that, if entered verbatim, the relief sought by topic 2 arguably covers such documents.



**Issue:** Mr. Mahon committed to produce a complete copy of a document he withheld as privileged. (Ex. N at 7-8.) Mr. Mahon later claimed his commitment was conditional. (*Id.* at 3-6.)

**Defendants' Position**: On March 20, in response to Apple's and Google's demands that Mr. Mahon produce documents missing from his initial production, Mr. Mahon produced a redacted letter from Mr. Mahon to Niall Byrne, a non-attorney (Ex. F, MARKMAHON_000418). The letter is improperly redacted, because no attorney is present on the communication.

<u>Defendants' Proposal</u>: Order requiring Mr. Mahon to produce the foregoing document.

The undersigned attest they met and conferred with Mr. Mahon by video on March 22, 2023.

    Sincerely,[3]

    <u>*/s/ David R. Eberhart*</u>
    David R. Eberhart
    of O'MELVENY & MYERS LLP
    *Attorney for Defendant Apple Inc.*

    <u>/s/ *A John P. Mancini*</u>
    A. JOHN P. MANCINI
    (admitted *pro hac vice*)
    jmancini@mayerbrown.com
    MAYER BROWN LLP
    1221 Avenue of the Americas
    New York, NY, 10020-1001
    Telephone: (212) 506-2500
    Facsimile: (212) 262-1910
    *Attorney for Defendants YouTube LLC*
    *and Google LLC*

---

[3] Pursuant to Civil Local Rule 5-1(h)(3), the filer of this document attests that concurrence in the filing has been obtained by all signatories.