

O'Melveny & Myers LLP
Two Embarcadero Center
28th Floor
San Francisco, CA 94111-3823

T: +1 415 984 8700
F: +1 415 984 8701
omm.com

File Number:

April 11, 2023

**David R. Eberhart**
D: +1 415 984 8808
deberhart@omm.com

**VIA ECF**

Hon. Magistrate Judge Laurel Beeler
San Francisco Courthouse, Courtroom B
450 Golden Gate Ave., 15th Floor
San Francisco, CA 94102

**Re:**   *Mark Mahon, an individual v. Apple Inc. et al.*, No. 4:20-cv-01534 (N.D. Cal.) and *Mark Mahon, an individual v. YouTube, LLC et al.*, No. 4:20-cv-01525 (N.D. Cal.) – Response to Plaintiff's April 7, 2023 Letter Brief (Dkt. 102)

To the Hon. Magistrate Judge Beeler:

Apple Inc. ("Apple") and Google LLC and its wholly owned subsidiary YouTube, LLC (collectively, "Google") (collectively, "Defendants") submit this response to briefly address Plaintiff's argument in his April 7, 2023 Response to Defendants' Discovery Letter Brief (Dkt. 102 in *Mahon v. Apple Inc. et al.*) that Defendants did not timely raise this discovery dispute.

The motions are timely, because Civil Local Rule 37-3 sets May 5, 2023 as the deadline to file discovery motions. (L.R. 37-3; Dkt. 95.) Defendants' March 27, 2023 and April 7, 2023 motions to compel (Dkts. 99 and 101) were filed well before that deadline. Courts in this district routinely find motions to compel are timely when they satisfy L.R. 37-3. *See Zeleny v. Newsom*, 2020 WL 6585793, at *2 (N.D. Cal. Nov. 10, 2020) (rejecting untimeliness argument as to motion to compel further responses to deposition session occurring over one year prior when filed on Rule 37-3 deadline); *In re Google Adwords Litig.*, 2010 U.S. Dist. LEXIS 146392, at *6 (N.D. Cal. Nov. 12, 2010); *see also Crump Ins. Servs. v. McGrath*, 2008 WL 11388598, at *2 (N.D. Cal. Aug. 10, 2008).

Defendants also diligently pursued these disputes. Although Plaintiff states that he served Apple with his original Rule 34 responses on October 1, 2021, those responses stated that Plaintiff would produce documents "upon entry of an appropriate protective order"; as such, it was not initially clear what documents might be in dispute. Eberhart Decl. ¶ 3. The protective order was not entered until October 7, 2022 (Dkt. 96). Plaintiff responded to Google's document requests on December 15, 2022, served Apple with amended responses removing his protective-order objection on December 18, 2022, and provided a privilege log to Defendants on March 20, 2023.[1] Eberhart Decl. ¶¶ 5, 7-8. Defendants wrote to Plaintiff on March 8 and 10 identifying deficiencies in his responses, conferred with Plaintiff by video on March 22, and timely filed

---

[1] Discovery had been stayed for approximately seven months (Dkts. 84, 92).

Austin • Century City • Dallas • Houston • Los Angeles • Newport Beach • New York • San Francisco • Silicon Valley • Washington, DC
Beijing • Brussels • Hong Kong • London • Seoul • Shanghai • Singapore • Tokyo

their motions thereafter. Eberhart Decl. ¶ 8. Nor does Plaintiff identify any prejudice or unnecessary burden as a result of any alleged delay. He complains of unspecified costs, burden, and "work," (Dkt. 102 at 1-2), but those are inherent in his discovery obligations.

Plaintiff cites no authority that Defendants' motion is untimely in these circumstances. In *KST Data, Inc. v. DXC Tech. Co.*, no local rule set a deadline to file motions to compel. 344 F. Supp. 3d 1132, 1136 n.1 (C.D. Cal. 2018). That case is also distinguishable because (1) the motion was denied on the merits because it involved a non-party from whom deposition testimony could not be compelled over a Fifth Amendment privilege objection, and (2) the motion was denied without prejudice to other approaches to obtain the admission at trial of disputed documents. *Id.* at 1135-36. Plaintiff also cites a treatise stating that untimeliness can provide grounds to deny a discovery motion, but that source does not address untimeliness in the face of a controlling local rule. 8B Wright & Miller, Fed. Prac. & Proc. Civ. § 2285 (3d ed.). Finally, the California Code of Civil Procedure provision Plaintiff cites has no application in federal court.

Sincerely,[2]

*/s/ David E. Eberhart*
David E. Eberhart
of O'MELVENY & MYERS LLP
*Attorney for Defendant Apple Inc.*

/s/ *A John P. Mancini*
A. JOHN P. MANCINI
(admitted *pro hac vice*)
jmancini@mayerbrown.com
MAYER BROWN LLP
1221 Avenue of the Americas
New York, NY, 10020-1001
Telephone: (212) 506-2500
Facsimile: (212) 262-1910
*Attorney for Defendants YouTube LLC and Google LLC*

---

[2] Pursuant to Civil Local Rule 5-1(h)(3), the filer of this document attests that concurrence in the filing has been obtained by all signatories.