United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

MARK MAHON,

          Plaintiff,

    v.

YOUTUBE LLC, et al.,

          Defendants.

MARK MAHON,

          Plaintiff,

    v.

APPLE INC., et al.,

          Defendants.

Case No. 20-cv-01525-YGR (LB)

**DISCOVERY ORDER**

Case No. 20-cv-01534-YGR (LB)

This order resolves the discovery disputes in ECF Nos. 105, 108, 109, and 112. The court can decide the disputes without oral argument. N.D. Cal. Civ. L. R. 7-1(b). In the future, the parties cannot file serial briefs: the court's dispute-resolution procedures require the parties to submit a joint letter with their disputes. A party cannot opt out of that process without court approval.

First, Mr. Mahon must produce documents responsive to Apple's RFPs 1–6 and Google's RFPs 1–6 and 8–11. This includes files from Maron Pictures, Maron Pictures email accounts, and

ORDER – Nos. 20-cv-01525-YGR (LB), 20-cv-01534-YGR (LB)

United States District Court
Northern District of California

1    Maron Picture's representatives (such as accountants and attorneys). Mr. Mahon suggests that he

2    is in the process of producing the documents.[1] He must do so.

3        Second, Mr. Mahon must produce all documents responsive to Apple's RFP 2 and Google's

4    RFP 4, including the Sales Agency Agreement, negotiation documents, drafts, notes, and emails.

5    Again, Mr. Mahon has suggested that he is trying to do so.[2] He must.

6        Third, the email that Mr. Mahon withheld as privileged was sent by his attorney to an adverse

7    party and thus is not privileged. Mr. Mahon must produce it. He contends that it is work product.[3]

8    Nothing suggests that it is.

9        Fourth, Mr. Mahon must produce the documents referenced in ECF No. 108. The agreements

10   are relevant for the reasons that the defendants advance.[4] Again, Mr. Mahon suggests that he is

11   producing documents and that the court need not order more.[5] The court appreciates that point and

12   expects that Mr. Mahon will abide by that representation.

13       To the extent that Mr. Mahon suggests that the discovery disputes are untimely, they are not.[6]

14   The court will address the sanctions motion at ECF No. 107 in a separate order.

15   **IT IS SO ORDERED.**

16   Dated: April 26, 2023

17                                                    _____

18                                                    LAUREL BEELER
                                                      United States Magistrate Judge

19

20

21

22

---

23   [1] Disc. Letter Br. – ECF No. 105 at 3–6. Citations refer to the Electronic Case File (ECF); pinpoint
24   citations are to the ECF-generated page numbers at the top of documents. The order cites to the low-
     numbered case.

25   [2] *Id.* at 4–5.

     [3] *Id.* at 5.
26
     [4] Disc. Letter Br. – ECF No. 108.
27   [5] Disc. Letter Br. – ECF No. 109.

28   [66] Disc. Letter Br. – ECF No. 112.

ORDER – Nos. 20-cv-01525-YGR (LB), 20-cv-01534-YGR (LB)